### Sirhan *v.* Liberty Mutual Insurance Company, Appellant.

Argued April 11, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*F. Lyman Windolph,* with him *Windolph & Johnstone,* for appellant.

*W. Hensel Brown,* with him *W. Roger Simpson,* for appellee.

OPINION BY MR. JUSTICE DREW, June 24, 1949:

Hanna S. Sirhan, plaintiff, a dealer in oriental rugs in the City of Lancaster, obtained a $6,000 burglary insurance policy from Liberty Mutual Insurance Company, defendant, on June 12, 1947. This action in assumpsit was brought on that policy to recover for the loss of 28 rugs which were stolen during the night of August 23-24, 1947. Defendant denies liability, claiming that plaintiff violated the terms of the policy by failing to keep proper accounts. The jury rendered a verdict for plaintiff in the sum of $5,454.45, and after motions for judgment n. o. v. and new trial were denied, judgment

was entered on the verdict. From that judgment, defendant now appeals.

The policy provided, inter alia, that "The Company shall not be liable for loss or damage . . . unless records are kept by the insured in such manner that the company can accurately determine therefrom the amount of loss or damage. . . ." The question determinative of defendant's right to judgment, notwithstanding the verdict, is whether, as a matter of law, the records kept by plaintiff met the requirements of that provision of the policy.

The sole record produced to show what rugs were stolen, and the value of them, was a book from which the first twenty-two pages were missing. That book, written in plaintiff's own handwriting, contained only the number of each rug, the type of rug, the size, and the cost price. The number given each rug in that book corresponded to the number on the tag affixed to the rug. As new rugs were acquired they were added to the end of the list and, when a rug was sold it was eliminated from the record by drawing a line through that item and marking it sold. At the end of each year, a new list was entered in the book and the old record torn out and destroyed.

The stipulation in the policy that records be kept demands substantial compliance but requires no particular form of bookkeeping: *Weinstein v. Globe Indemnity Co.*, 277 Pa. 388, 121 A. 316. "Yet there must be at least sufficient written evidence to enable a person of ordinary intelligence, familiar with accounts, 'to determine with accuracy the amount of liability.' " *Gorson v. Actna Accident & Liab. Co.*, 283 Pa. 558, 561, 129 A. 590. The books themselves must accurately supply the necessary information without the aid of oral testimony except to explain the methods of keeping them: *Price v. Century Indemnity Co.*, 333 Pa. 337, 5 A. 2d 130.

In the instant case, there were absolutely no means by which the records could be verified. Plaintiff produced no receipts, vouchers, bills of lading or invoices. He had no checks covering specifically any of the rugs which were stolen and his book did not disclose when or from whom he had purchased the rugs. The book entries were completely unauthenticated. The lack of supporting records made it impossible to determine the accuracy of those entries so as to prevent the possible perpetration of fraud on the insurance carrier.

The learned court below, in refusing defendant's motion for judgment n. o. v., erroneously relied on *Price v. Century Indemnity Co.,* supra. That case is not controlling here. There the adequacy of the records was submitted to the jury which returned a verdict for defendant. Judgment was entered on the verdict, and in affirming that judgment, we held only that plaintiff could not complain since the question was presented to the jury under a fair and impartial charge. There is nothing in that opinion to indicate that the trial judge would have been guilty of error had he taken that question from the jury and decided as a matter of law that the records were inadequate.

There can be no doubt under the facts of this case that the records which plaintiff kept did not make possible an accurate determination of the loss. That being true, plaintiff failed to comply with the terms of the policy and he is barred from recovery on it.

Judgment reversed and here entered for defendant.

---

DISSENTING OPINION BY MR. JUSTICE ALLEN M. STEARNE:

In my view the records kept by the insured, while undoubtedly crude and with much to be desired, were, nevertheless, in substantial compliance with the exclusion clause: *Price v. Century Indemnity Company,* 333 Pa. 337, 341, 342, 5 A. 2d 130.

To superimpose the additional requirement of verification and proofs as suggested in the majority opinion is not justified. With the *type, size* and *cost price* of the rugs disclosed by the insured's record, the insurance company was furnished with sufficient information to enable it to determine the amount of the loss. All other questions were for the jury. I would affirm the judgment.

Mr. Justice PATTERSON joins in this dissent.