251 A.2d 521.

JONETTE JEWELRY COMPANY *vs.* LIBERTY MUTUAL INSURANCE COMPANY.

MARCH 28, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Roberts, C. J. This civil action was brought to recover for the loss by burglary of certain bars of metal used by the plaintiff in the manufacture of costume jewelry under a mercantile open stock policy issued by the defendant. The case was tried to a justice of the superior court sitting without a jury, who thereafter ordered judgment to enter for the defendant. From that judgment the plaintiff has prosecuted an appeal to this court.

It appears from the record that plaintiff had been twice burglarized during the summer of 1966, once on June 6 and again on the night of July 31-August 1, the latter burglary being the subject matter of this action. Stolen on each occasion was a quantity of bars of tin and lead used by plaintiff in the manufacture of costume jewelry. It is not disputed that on June 6, 1966, immediately after the prior burglary, there were no bars of either such metal in the possession of plaintiff. The plaintiff concedes that it kept no daily or perpetual inventory of the amount of such metals in stock but did in the course of trial adduce considerable evidence for the purpose of establishing the value of such metals as it possessed on the night of July 31-August 1.

In the superior court defendant relied primarily on the contention that plaintiff had failed to comply with a provision of the policy requiring that it keep records from which defendant could determine the amount of a loss. The pertinent provision of the policy reads as follows: "4 Books and Records. The insured shall keep records of all the insured property in such manner that the company can accurately determine therefrom the amount of loss." At trial plaintiff adduced a considerable volume of evi-

dence for the purpose of showing the amounts of such metals it had received between June 6 and July 31 on the basis of invoices from its suppliers of such metals. It introduced also into evidence testimony concerning a very substantial volume of sales and delivery invoices from which could be determined the amount of finished product that had been sold and delivered during that period. In addition, considerable testimony was adduced from an employee and officers of plaintiff, which evidence shall be discussed as need be in the opinion below.

The controlling question in this case, as the trial justice observed, is whether plaintiff kept such records concerning the insured property as will enable the insurer to accurately determine therefrom the amount of the loss, the keeping of such records being a condition precedent to the liability of defendant under the pertinent policy provision. The plaintiff's contention here is that the trial justice erred in concluding that the records it did keep concerning the insured property as disclosed by its evidence were insufficient to constitute compliance with the requirements of the policy clause.

No contention is made that the trial justice misconceived the law applicable to the instant case. He accepted and applied the view generally accepted, that a stipulation in a policy that records be kept demands substantial compliance but requires no particular form of bookkeeping. The records contemplated therein need not be such as will enable an insurer to ascertain the exact articles stolen but must be adequate to enable an insurer to determine with reasonable accuracy the amount of its liability. Some courts have stated the test, rather succinctly, as requiring sufficient written evidence to enable a person of ordinary intelligence familiar with accounts to determine with accuracy the extent of the liability without the need of supplying essential details from the memory of an interested

party or, as otherwise has been stated, must supply the necessary information to the insurer without the aid of oral testimony other than to explain the methods of keeping the books. *Pelitsie* v. *National Surety Corp.*, 272 Wis. 423, 76 N.W.2d 327; *Sirhan* v. *Liberty Mutual Ins. Co.*, 362 Pa. 195, 66 A.2d 831; *Ever Krisp Food Products Co.* v. *New Amsterdam Casualty Co.*, 338 Mich. 210, 61 N.W.2d 172; and *Central Surety & Ins. Corp.* v. *Jordan*, 234 Ark. 627, 353 S.W.2d 536.

It is clear that where a policy provision requires the keeping of such records but does not prescribe the precise kind of records to be kept, the courts, construing such clause in favor of the insured, hold that substantial compliance with the policy provision is sufficient. Generally speaking, substantial compliance requires that the records in themselves contain sufficient information to enable the insurer to accurately determine the extent of its liability. It is equally clear, however, that the rule of substantial compliance has limitations, the courts requiring that the records in and of themselves be sufficient to disclose to the insurer the extent of its liability and this without need to resort to evidence outside the records to explain the records other than might be necessary to disclose the bookkeeping methods employed.

The trial justice in the instant case, finding that the records were insufficient, conceded that they did permit the insured to ascertain the amount of metals acquired during the pertinent period from the invoices of deliveries by its suppliers. He emphasized, however, that the sales and delivery invoices purporting to show the amount of finished product that had been disposed of during the pertinent period failed in any manner to disclose the amount of such metals as went into the finished product and that, therefore, the insurer from the records could not determine

the amount of such metals used and, therefore, the amount thereof remaining in the insured's possession as of July 31.

The plaintiff argues that in reaching this conclusion the trial justice either overlooked or misconceived the material evidence on this issue that had been adduced through its witnesses. As we understand this argument, plaintiff is contending that certain testimony concerning the sales invoices of finished products given by two of plaintiff's officers was either disregarded or misunderstood by the court. It is to be conceded, as plaintiff contends, that there is testimony in the record of two of the company's officers that, while conceding it would be a tremendous task, an analysis of the sales invoices for the pertinent period could disclose the amount of metal used in the manufacture of its products. They testified further that this would permit a deduction of the total amount of metal used as indicated by the sales invoices from the amount established by the delivery invoices of its suppliers.

It is to be noted that the testimony of plaintiff's officers was an expression of opinion that an analysis of the sales invoices would disclose the amount of metal used in the finished products, and it is clear that the trial justice did not accept this testimony. This is entirely within the province of the fact finder and constitutes no error on the part of the trial justice. It is to be noted also that one of defendant's witnesses, in testifying as to the sales invoices, stated that such invoices would not disclose, for example, products sold that had been made prior to June 6. Considerable cross-examination was carried on on this point without, in our opinion, impeaching the testimony of defendant's witness.

The controlling factor, however, in our opinion, was that the sales invoices had been introduced in evidence by way of stipulation. It is clear from the record that the trial justice examined and analyzed such invoices and from such

analysis concluded that they in no manner disclosed or made possible the ascertainment of the amount of metal that went into the finished products.[1] In short, he found that they were not records from which the insurer could determine the extent of the loss.

The situation with which we are confronted then is one in which the parties submitted the case on the law and facts to the trial justice sitting without a jury. It is well settled that in such situations the findings of the trial justice will be given great weight by this court on appeal and will be disturbed only if it be shown that he was clearly wrong. *Rogers* v. *Zielinski*, 99 R. I. 599, 209 A.2d 706. The plaintiff has failed to demonstrate that the trial justice was clearly wrong in his conclusion in that it has not established that he overlooked or misconceived the testimony of the plaintiff's officers. The record persuades us that he gave understanding consideration to such testimony but that he rejected it because of the probative force of the sales invoices themselves which were in evidence. In short, we cannot agree that he was clearly wrong or erred in reaching the conclusion that he did.

The appeal of the plaintiff is denied and dismissed, and the judgment is affirmed.

*Bernard F. McSally,* for plaintiff-appellant.

*Keenan, Rice & Dolan, Frederick A. Reardon,* for defendant-appellee.

---

[1]The trial justice at page 12 of his decision said, referring to the records put into evidence: "* * * it is quite impossible from them to ascertain the amount of metals used within the period involved. This arises from the fact that the invoices of goods sold and delivered are of jewelry and not of metals and there is nowhere any record of the amount of metal that went into the jewelry set forth as sold and delivered in those invoices. Nowhere in the acceptable records is there the slightest indication of how much metal went into those finished goods."