266 A.2d 908.
PATRICIA DEVEREAUX *vs.* McGARRY'S, INC.
COLI MONKHOUSE *vs.* McGARRY'S, INC.

JULY 2, 1970.

PRESENT: Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. These are two separate civil actions to recover damages resulting from alleged food poisoning. The complaint in each case alleges that on June 20, 1968, defendant operated a restaurant in Providence; that on that date plaintiffs purchased from defendant a piece of lemon meringue pie which they consumed in the restaurant; that the pie was not of merchantable quality; and that it caused plaintiffs to become violently ill shortly after eating the pie. The cases, which were consolidated for trial, were heard before a justice of the Superior Court sitting without a jury. On January 28, 1969, the trial justice rendered a decision in each case for the defendant on the ground that the plaintiffs had failed to prove by a fair preponderance of the evidence that the pie eaten by them was of unmerchantable quality and that it had caused them to become ill. On the same day judgments were entered in favor of the defendant.

On February 3, 1969, plaintiffs filed a notice of appeal in the Superior Court, and on April 23, 1969, they ordered a transcript and deposited with the clerk of that court the estimated cost of the transcript.

On July 3, 1969, defendant filed motions in the Superior Court to dismiss the appeals for failure to transmit the transcript within the time fixed by Super. R. Civ. P. 75(e)[1]

---

[1]Rule 75 (e) reads as follows:

"(e) Time for Transmission; Duty of Appellant. The record on appeal, including the transcript necessary for the determination of the appeal, shall be transmitted to the Supreme Court within 60 days after the filing of the notice of appeal unless the time is shortened by an order of the Superior Court or extended under subdivision (g) of this rule. Promptly after filing the notice of appeal the appellant shall comply with the provisions of Rule 75 (b) and shall take any other action necessary to enable the clerk to assemble and transmit the record. Ii more than one appeal is filed, each appellant shall comply with the provisions of Rule 75 (b) and this subdivision, and a single record shall be transmitted."

or to obtain an extension of time for such transmission in compliance with Super. R. Civ. P. 75(g).[2]

On July 7, 1969, plaintiffs filed in the Superior Court their first motions for an extension of time to August 1, 1969, within which to file the transcript.

The defendant's motions to dismiss the appeals, and plaintiffs' motions for an extension of time within which to file the transcript were assigned for hearing on July 11, 1969. After the hearing the motions were continued to September 11, 1969, in order to give plaintiffs' attorney time to file an affidavit setting forth the facts which caused the delay in transmitting the record.

On July 14, 1969, while those motions were still pending in the Superior Court, the papers, transcript, and exhibits were transmitted to the office of the clerk of the Supreme Court where they were docketed as "Case Nos. 799-A & 800-A."[3] On July 15, 1969, plaintiffs filed an affidavit, signed by their attorney, setting forth the reasons for their failure to comply with Rules 75(e) and 75(g).[4] August 24, 1969, was fixed as the date by which plaintiffs were to file their briefs in this court. The plaintiffs filed their briefs in case nos. 799-A and 800-A in this court on August 12, 1969.

---

[2]Rule 75 (g) reads as follows:

"(g) Extension of Time for Transmission of the Record. The Superior Court may extend the time for transmitting the record. A motion for an extension of time for transmitting the record shall show that the inability of the appellant to cause timely transmission of the record is due to causes beyond his control or to circumstances which may be deemed excusable neglect. If a request for an extension of time for transmitting the record has been previously denied, the motion shall set forth the denial and shall state the reasons therefor, if any were given."

[3]The record does not indicate who caused the transmittal of the record at this time.

[4]Plaintiffs' affidavit states that the transcript was filed on July 10, 1969.

On September 11, 1969, the trial justice continued the motions to dismiss to September 18, 1969, when, after hearing arguments of counsel, he granted the motions on the ground that there was nothing in plaintiffs' counsel's affidavit which would justify the trial justice's excusing plaintiffs' failure to comply with the pertinent portions of Rule 75. In his decision the trial justice suggested that it would be appropriate to file an order based on his ruling granting the motions to dismiss.

Thereafter, on September 29, 1969, the plaintiffs filed notices of appeal in the Superior Court from the orders dismissing their appeals in the cases previously docketed in this court as nos. 799-A and 800-A.

In accordance with an order entered in this court on January 8, 1970, the appeals from the orders dismissing the appeals in nos. 799-A and 800-A were docketed as "Case Nos. 953-A & 954-A," and both sets of appeals (i.e., case nos. 799-A and 800-A and case nos. 953-A and 954-A) were consolidated for hearing before this court. The parties were also directed to file briefs in 953-A and 954-A in accordance with our rules.

# I

The first question raised by plaintiffs' appeals in case nos. 953-A and 954-A is whether or not the Superior Court had jurisdiction to dismiss the appeals in case nos. 799-A and 800-A once the appeals in the latter were docketed in this court. The plaintiffs argue that under Rule 73(a) the Superior Court lacked jurisdiction to dismiss the appeals in nos. 799-A and 800-A. We agree.

The second paragraph in Rule 73(a) reads as follows:

"A party may appeal from a judgment by filing with the Superior Court clerk a notice of appeal. Failure of the appellant to take any one of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal, but

is ground for dismissal thereof by the Superior Court, unless circumstances excuse the failure and justice demands that the appeal be heard. If an appeal has not been docketed, the parties, with the approval of the Superior Court, may dismiss the appeal by stipulation filed in that court, or the court may dismiss the appeal upon motion and notice by the appellant."

As we noted in footnote 3, *supra,* the record does not show who caused the transmittal of the papers to the Supreme Court in nos. 799-A and 800-A on July 14, 1969, while defendant's motions to dismiss were pending in the Superior Court. While we feel strongly that a case is not properly in order for transmittal to this court under Rule 75 if motions are pending in the Superior Court, we are confronted here with a situation where the papers were in fact transmitted to this court[5] and docketed in accordance with Rule 12(a) of the Rules of the Supreme Court. The second sentence of the second paragraph of Rule 73(a) provides for the dismissal of an appeal by the Superior Court under certain conditions if the appellant has failed to take any one of the further steps to secure review. However, the Superior Court is divested of this power of dismissal once an appeal is docketed, for it is at such point that the court loses jurisdiction. By the same token, the next, and last, sentence of this same paragraph, providing for dismissal in the Superior Court by stipulation of the parties or upon motion and notice by the appellant, applies up until docketing takes place. In fact, the language of this last sentence — "If an appeal has not been docketed * * *" — clearly implies that if an appeal has been docketed, the Superior Court no longer has authority to dismiss.

We therefore hold that the trial justice lacked juris-

---

[5]Professor Kent states that "The record is transmitted when the clerk of the Superior Court actually delivers it to the Supreme Court * * *." 1 Kent, *R. I. Civ. Prac.* §75.6, at 533.

diction to dismiss the appeals in case nos. 799-A and 800-A.[6]

## II

We consider next the appeals in case nos. 799-A and 800-A on their merits. As we previously stated, the trial justice found that plaintiffs had failed to sustain their burden of proving by a fair preponderance of the evidence that the pie eaten by them was of unmerchantable quality and that it had caused them to become ill. On the contrary, he stated that "all of their evidence" would lead more to the inference that the pie was of merchantable quality.

The plaintiffs argue that they are entitled to new trials on the ground that the trial justice misconceived and overlooked material evidence. In their brief plaintiffs refer to specific evidence which they claim the trial justice overlooked and misconceived.

This court has said many times that where the parties submit a case on the law and on the facts to a trial justice sitting without a jury, the findings of fact by the trial justice will be given great weight by this court on appeal and will be disturbed only if it be shown that his findings are clearly wrong or that he overlooked or misconceived material evidence in making the findings on which he based his ultimate decision. *Jonette Jewelry Co.* v. *Liberty Mutual Insurance Co.,* 105 R. I. 308, 313, 251 A.2d 521, 524; *Rogers* v. *Zielinski,* 99 R. I. 599, 209 A.2d 706; *reargument denied,* 99 R. I. 605, 210 A.2d 323.

We have examined this record and considered all the arguments made by the plaintiffs. In our judgment the

---

[6]In *Martin* v. *Estrella,* 107 R. I. 247, 266 A.2d 41, we held that a motion filed in this court to dismiss a Superior Court appeal is no longer the way to challenge an appellant's failure to comply with the post-appeal requirements set forth in the rules. That holding presupposes that the papers in a case are still in the Superior Court and have not been docketed here.

findings of fact made by the trial justice are supported by competent evidence. The facts in these cases are rather simple, and plaintiffs' arguments have failed to persuade us that the trial justice, in making his findings, overlooked or misconceived material evidence. The plaintiffs failed to convince him that the pie they ate at defendant's restaurant was unmerchantable or that their ailments were caused by eating the pie. *Hodges* v. *Fuller Brush Co.*, 104 R. I. 85, 90-91, 242 A.2d 307, 310. Since plaintiffs have failed to persuade us that the findings of the trial justice were clearly wrong or that he misconceived or overlooked any material evidence in making such findings, we cannot disturb his decision.

The plaintiffs' appeals in case nos. 953-A and 954-A are sustained, and the orders entered in the Superior Court dismissing their appeals in case nos. 799-A and 800-A are reversed. The plaintiffs' appeals in case nos. 799-A and 800-A from the judgments entered in the Superior Court on January 28, 1969, are denied and dismissed, and those judgments are affirmed.

ROBERTS, C.J., did not participate.

*Samuel A. Olevson*, for plaintiff.

*Dennis J. Roberts, II*, for defendant.