290 A.2d 213.

ALFRED P. CHARPENTIER *vs.* ESTATE OF
JOSEPH CHARPENTIER, JR.

MAY 3, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is a civil action brought to recover compensation upon a claim for personal services rendered for and on behalf of one Joseph Charpentier, Jr., who is an adult and the mentally retarded son of the late Louise L. Charpentier. Louise L. Charpentier had been the duly appointed guardian of Joseph Charpentier, Jr. by virtue of a decree of the Probate Court of the city of Providence entered in 1958 and had served as such guardian until her death in April of 1969.

The cause was heard before a justice of the Superior Court sitting without a jury, who thereafter summarized the evidence in a comprehensive and entirely lucid decision. He found that plaintiff had met the burden of establishing by clear and convincing evidence that he had rendered services with respect to caring for Joseph Charpentier, Jr. and "* * * there was a general agreement to pay him $4 per hour for his services, and that said amounts would be paid later, probably from the testimony of Mr. Charpentier, by way of a bequest from Mrs. Charpentier's will, which said bequest was obviously absent from the will." The court further found that plaintiff "* * * relied upon the estate of Joseph Charpentier, Jr. for payment of said sum, and Mrs. Charpentier in her capacity as guardian * * *." The court also held and, in our opinion, correctly that plaintiff's action was not barred by the statute of limitations as had been contended by defendant. The trial justice thereupon entered judgment for plaintiff in the amount of $6,928 together with interest from the date of the commencement of the action and costs, from which judgment defendant has appealed to this court.

We have here an action in which the parties submitted the case on both the law and the facts to a trial justice sitting without a jury, and in such circumstances the find-

ings of the trial justice will on appeal be given great weight by this court and will be disturbed only if it be shown that he was clearly wrong in his decision. *Jonette Jewelry Co.* v. *Liberty Mutual Insurance Co.*, 105 R. I. 308, 251 A.2d 521 (1969); *Grabbert* v. *Marina Parks, Inc.*, 101 R. I. 164, 221 A.2d 455 (1966). It is our opinion that the defendant has not met the burden of demonstrating that the trial justice was clearly wrong in that he overlooked or misconceived any relevant and material evidence. In such circumstances, we are constrained to conclude that the defendant's appeal is without merit.

The appeal of the defendant is denied and dismissed, and the judgment appealed from is affirmed.

*Leonard A. Kamaras*, for plaintiff.

*Joseph L. Breen*, for defendant.