333 A.2d 145.

HATTIE CARNEGIE INDUSTRIES, INC. *vs.* ANTONIO LOPREATO *et al.*

FEBRUARY 27, 1975.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

Doris, J. This is a civil action by the plaintiff, a New York corporation engaged in the costume jewelry business, to recover on a promissory note. The defendants, Antonio Lopreato, Veronica Lopreato and Lee Pelzman, are endorsers of a demand promissory note executed by Ron-Prin Supply and Equipment Co., Inc. and its successor Ron-Prin Jewelry Manufacturing Co., Inc., Rhode Island corporations also engaged in the jewelry business, hereinafter called Ron-Prin. The case was tried to a Superior Court justice, sitting without a jury, who rendered a decision for the defendants. The plaintiff has appealed to this court from the judgment thereafter entered.

It appears that prior to 1966, plaintiff had a business relationship with Ron-Prin by the terms of which Ron-Prin would ship finished jewelry to plaintiff, who would forward to Ron-Prin advances against the cost of said jewelry. At the close of 1965, Ron-Prin owed plaintiff approximately $35,000. As a condition of its continuing to manufacture jewelry for plaintiff, Ron-Prin demanded and received from plaintiff an additional advance of $10,000, which indebted Ron-Prin to plaintiff in the total amount of $45,000. It further appears that on January 21, 1966, plaintiff, Ron-Prin, and defendants entered into an agreement to make a promissory note payable to plaintiff on demand in the amount of $45,000 with interest at 6 percent signed by Ron-Prin and endorsed by defendants. The note was executed as agreed and is in evidence. The agreement set forth a method of payment of the $45,000 indebtedness by providing that 50 percent of the value of future shipments of finished goods by Ron-Prin to plaintiff would be allocated to the reduction of the outstanding indebtedness, and the remaining 50 percent less discount, would be paid by plaintiff to Ron-Prin. The agreement further provided that Ron-Prin would perform as agreed and not request any further advance of funds from plaintiff.

Subsequent to the signing of the agreement and the note, plaintiff and Ron-Prin continued to carry on business with each other until Ron-Prin was petitioned into receivership on August 23, 1966.

The trial justice found that from January 21, 1966 until August 23, 1966, Ron-Prin had shipped goods valued at $102,016.97 to plaintiff, and that during the same period plaintiff had forwarded payments of $62,600 to Ron-Prin. The trial justice then determined that the promissory note endorsed by defendants on which the suit was founded was fully paid and cancelled prior to the institution of receiver-

ship proceedings against Ron-Prin, and therefore rendered a decision for defendants.

The trial justice filed his decision and the judgment for defendants was entered on January 5, 1972. Two days later plaintiff filed its notice of appeal. On September 1, 1972, the transcript of the hearing was delivered to plaintiff's attorney. On January 10, 1973, defendants Antonio Lopreato and Veronica Lopreato filed a motion to dismiss plaintiff's appeal for failure to prosecute as required by the rules of court.[1]

On the same day, in some unexplained manner, the papers and the transcript arrived in the office of the clerk of the Supreme Court and were docketed. After being informed of the pendency of defendants' motion to dismiss the appeal, the clerk of this court returned the papers and transcript to the Superior Court. On February 19, 1973, after a hearing on defendants' motion to dismiss, a Superior Court justice entered an order to dismiss the appeal subject to plaintiff's showing cause within 30 days why the appeal should not be dismissed. On March 7, 1973, the case was again docketed in the clerk's office of this court. On March 15, 1973, plaintiff filed a motion in Superior Court to vacate the order of February 19, 1973, alleging that the Superior Court lacked jurisdiction to hear defendants' motion to dismiss inasmuch as the case had been transmitted to the Supreme Court and docketed in the clerk's office.

On March 28, 1973, the Superior Court justice who had entered the conditional order of dismissal on February 19, 1973, declined to hear further arguments until the question of jurisdiction should be determined by this court. The defendants then filed a motion in this court to have the case

---

[1]Although not specifically stated, our interpretation is that the motion is based on a failure to transmit the transcript within the time fixed by Rule 11(a) of the Supreme Court Rules, and a failure to obtain an extension of time for such transmission in compliance with Rule 11(c).

remanded to Superior Court for final disposition of the motion to dismiss, and on June 25, 1973, the motion was granted.

On July 13, 1973, defendants' motion for final entry of dismissal was heard by a different Superior Court justice than the one who entered the conditional order for dismissal, and after a hearing an order for final dismissal of plaintiff's appeal was entered. The plaintiff's appeal from that final order of dismissal is now before this court.

We first consider plaintiff's appeal from the order of the Superior Court justice directing final dismissal of plaintiff's appeal. The plaintiff, citing *Devereaux* v. *McGarry's, Inc.*, 107 R. I. 325, 266 A.2d 908 (1970), argues that since the papers were docketed in this court, the Superior Court lacked jurisdiction to grant defendants' motion to dismiss plaintiff's appeal. In *Devereaux* we held that the Superior Court has no jurisdiction to dismiss an appeal after it has been docketed in the Supreme Court. In that case, however, we noted that the papers were in fact transmitted and docketed in accordance with the usual docketing procedures. In the instant case if the papers were validly docketed on January 10, 1973, then the Superior Court would be divested of jurisdiction. *Devereaux* v. *McGarry's, Inc., supra.* Here, however, because of the highly suspicious and unexplained manner in which the papers reached the Supreme Court, we find that the transmittal of the record and the subsequent docketing is not in accordance with the usual docketing procedures and consequently invalid. On February 19, 1973, therefore, the Superior Court had not been divested of jurisdiction to enter a conditional order to dismiss the appeal.

There remains the further question of whether the Superior Court justice had jurisdiction on July 13, 1973, to enter the final order for dismissal of the appeal. As

stated previously, after the entry of the 30-day conditional order, the papers were returned to this court and again docketed. On March 15, 1973, plaintiff filed a motion to vacate the dismissal order, which motion the Superior Court declined to hear until this court should determine the problem of jurisdiction. The defendants thereupon filed a motion in this court to remand the case to the Superior Court for final disposition of dismissal. The motion to remand was uncontested by plaintiff and on June 25, 1973, was granted by this court. It is undisputed that the order to remand the case was valid under Rule 11(d) of the Supreme Court Rules, and consequently the Superior Court had jurisdiction to hear defendants' motion for a final order of disposition of the appeal. We consequently conclude that the Superior Court had jurisdiction to enter both the 30-day conditional order on February 19, 1973, and also the final order for disposition on July 13, 1973.

The plaintiff next argues that the granting of defendants' motion to dismiss the appeal constituted an abuse of discretion by the trial justice in that its failure to comply with the 60-day deadline for transmission of the record should be construed as excusable neglect under Super. R. Civ. P. 75(g).[2] The appeal was taken on January 7, 1972, and on January 10, 1973, the papers and transcript were filed in the Supreme Court. The plaintiff explains that 9 months of this delay is attributable to the failure of the

---

[2]Super. R. Civ. P. 73, 74 and 75 were repealed on December 6, 1972, effective September 1, 1972. Rule 11(c) of the Supreme Court Rules is considered to track Super. R. Civ. P. 75(g), and the language in 75(g) relied on by plaintiff is almost exactly the same as the following excerpt from Rule 11(c):

"A motion for an extension of time for transmitting the record made in either court shall show that the inability of the appellant to cause timely transmission of the record is due to causes beyond his control or to circumstances which may be deemed excusable neglect."

stenographer to finish the transcript. He further alleges that the final several months of delay were caused by the failure of the clerk of the Superior Court to transfer the completed record to this court. There is no explanation whatsoever of plaintiff's failure to file a motion to extend the time of transmission under Rule 11(c) of the Rules of the Supreme Court.

Rules 3(a) and 12(c) of the Rules of the Supreme Court specifically envision dismissal of an appeal for failure to follow the rules as written. In *Martin* v. *Estrella,* 107 R. I. 247, 266 A.2d 41 (1970), a case brought before Super. R. Civ. P. 73, 74 and 75 were replaced by Rules 3, 10, 11 and 12 of the Supreme Court Rules, we noted that while Super. R. Civ. P. 73(a) limited the jurisdictional prerequisites of an appeal to the actual filing of the appeal,[3] failure to comply with post-filing procedure was ground for dismissal by the Superior Court unless circumstances excused the failure and justice required that the appeal be heard. Shortly thereafter in *Edward* v. *City of Newport,* 108 R. I. 1, 271 A.2d 464 (1970), the court stated:

> "* * * in *Martin* v. *Estrella* * * * we made it clear that the appellant, who does not perfect his appeal, runs the risk that his appeal will be dismissed by a justice of the Superior Court acting on an appropriate motion brought by an appellee. We said in *Martin* that our review of the trial justice's action in such circumstances is limited to the question of whether he has abused the discretion given him by Rule 73(a)." *Id.* at 2-3, 271 A.2d at 465.

The court went on to find that where appellants did not order a transcript and make a deposit within the time specified by Super. R. Civ. P. 75(b), the trial justice's action in dismissing the case was well within his discretion.

The 60-day time limit placed on transmission of the

---

[3]This limitation is now found in Rule 3(a) of the Supreme Court Rules.

record by Rule 11(a) of the Supreme Court Rules and the requirement that any extension of this time limit be by motion under Rule 11(c) of the Supreme Court Rules are not mere formalities. As plaintiff so aptly notes in its brief, the cardinal rule of construction for our Rules of Civil Procedure is that " '[t]hey shall be construed to secure the just, speedy, and inexpensive determination of every action.' " 1 Kent, *R. I. Civ. Prac.* §1.6 at 7 (1969). In this connection, the importance of the 60-day period for transmission of the record is quite obvious. The requirement of making a motion before an extension of the period will be allowed is also founded in practical considerations for facilitating the appeals process. The opposing party is given an idea of the progress of the case toward the docketing date. Further, the requirement that an appellant show that the delay was due to forces beyond his control or was attributable to excusable neglect may prod counsel into making a good faith effort to avoid delay. Finally if, as in the instant case, the delay is partially attributable to stenographic difficulty, the filing of a motion will put the court on notice that action is warranted under Super. R. P. 3.5(c), which provides for the retiring of a stenographer from service in court until the transcript is finished. By not filing a motion for extension of time, plaintiff effectively thwarted the operation of this section.

The record of this case is devoid of any adequate explanation of plaintiff's failure to transmit the record within the time specified and his failure to file a motion for extension of time. Therefore, we are unable to discover any abuse of discretion by the trial justice. By so holding, we find it unnecessary to reach the merits of this controversy as they relate to defendants Antonio Lopreato and Veronica Lopreato.

We now consider plaintiff's appeal from the judgment entered in Superior Court as it relates to defendant Lee

Pelzman. The plaintiff argues that the trial justice misconceived the evidence and misapplied the law. We find no merit in either contention.

This case was submitted on the law and on the facts to a trial justice sitting without a jury. In such circumstances, his findings will be afforded great weight, and we will not disturb them unless they are clearly wrong. On appeal, the appellant has the burden to establish that the trial justice was clearly wrong in that he overlooked or misconceived material evidence on a controlling issue, or to point out to this court some inherent improbability in the testimony upon which the trial justice relied. *Fishbein* v. *Zexter,* 107 R. I. 672, 270 A.2d 510 (1970).

The plaintiff argues Ron-Prin made requests for advance payments which plaintiff honored only because of Ron-Prin's threat to discontinue delivery of finished goods, and that Ron-Prin thereby breached the agreement.[4] The trial justice found that plaintiff willingly made the ad-

---

[4]The pertinent provisions of the letter agreement entered into on January 21, 1966, are as follows:

"We are agreeable without in any way affecting the unconditionality and firmness of your said indebtedness to us or in any way making the following necessarily a sole, limiting or binding method of repayment of your indebtedness to accept partial payments in reduction of said indebtedness by accepting shipments of finished goods by Hattie Carnegie Costume Jewelry Co., Inc. in accordance with the terms and conditions of our previous written order to you of November 30, 1965 and shall pay you fifty (50%) per cent of the bill price therefor less discount. The other fifty (50%) per cent of said shipments shall be applied and credited by us as a partial repayment of your said indebtedness to us."

The agreement further stated:

"We are making the present additional Ten Thousand ($10,000.00) Dollars loan in advance to you upon your promise and assurance that no further requests for funds or advancements shall be made and that you will perform and deliver Hattie Carnegie Costume Jewelry Co., Inc. orders placed with you in accordance with the terms and conditions thereof."

vance payments to Ron-Prin, and that such payments constituted a waiver of the provisions of the agreement relative to advance payments.

The trial justice further found that 50 percent of the value of the goods shipped by Ron-Prin to plaintiff was clearly in excess of Ron-Prin's indebtedness to plaintiff. On these findings the trial justice concluded that the debt owed plaintiff, as evidenced by the promissory note, was fully paid.

We have considered the arguments made by the plaintiff with respect to the findings of the trial justice and conclude that the plaintiff has failed to establish that the trial justice overlooked or misconceived any material evidence in arriving at his findings. We also hold that the trial justice correctly applied the law to the facts as found by him.

The plaintiff's appeal as it relates to the defendant Lee Pelzman is denied and dismissed. The plaintiff's appeal from the judgment below ordering dismissal of the appeal as it relates to the defendants Antonio Lopreato and Veronica Lopreato is denied and dismissed.

Mr. Justice Joslin did not participate.

*Raymond J. Surdut,* for plaintiff.

*Hector D. Laudati, John A. Mutter,* for defendants.