403 A.2d 656.

IRMA PIOTTI *vs.* ANTONIO L. PIOTTI.

JULY 6, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J. This case is before us on two appeals from orders of the Family Court. The first order was entered August 26, 1977, and consisted of a finding that the respondent husband was in contempt for failure to appear in court and failure to bring into court certain funds, ownership of which was contested by the parties. A capias was issued. On

this same date the court declined to vacate an order of August 22 which required the husband to bring into court the aforesaid money. From the foregoing order an appeal was taken.

While this appeal was pending the wife filed a motion seeking an order from the Family Court requiring her husband to deposit the funds in question into the registry of the court or in the alternative, that he be restrained from dissipating or spending said funds. After a hearing on November 25, 1977, an order was entered on December 9, 1977, requiring the husband to deposit certain monies in the registry of the court. The order also restrained him from spending or alienating said funds until the matter was heard on the merits and further required the husband to provide insurance coverage for the marital domicile and a counsel fee. An appeal was taken from this order.

At oral argument counsel for the husband conceded that the appeal from the order entered August 26, 1977, was premature because no sentence was imposed pursuant to the finding of contempt. This concession requires dismissal of the first appeal. The second appeal also appears to be interlocutory in nature because the court did not purport to dispose of the funds in question but only issued orders to protect the rights of the parties pending a hearing on the merits.

The husband argues, however, that the second order is invalid because it was entered while the case was on appeal from the first order. We have previously held in *Cavanagh* v. *Cavanagh*, 118 R.I. 608, 375 A.2d 911 (1977), that an appeal taken from orders which are not reviewable in this court does not properly vest us with jurisdiction in the case. The effect of such action is that jurisdiction remains in the Family Court throughout the pendency of this premature appeal. *Id.* at 615-16, 375 A.2d at 914. We long ago observed in *Hurvitz* v. *Hurvitz*, 44 R.I. 243, 246, 116 A. 661, 662 (1922) that:

"The transfer of the papers to this court does not deprive

> [trial] court of its jurisdiction. If needed at any time the papers can be returned temporarily to the [trial] court upon application made to this court. All such matters in divorce as require adjudication pending the decision of the appellate proceedings, continue within the jurisdiction of the [trial] court and are to be heard and decided by that court."

We have also held that once the matter is docketed in this court, the trial court lacks authority to dismiss an appeal. *Hattie Carnegie Industries, Inc.* v. *Lopreato,* 114 R.I. 319, 333 A.2d 145 (1975); *Devereaux* v. *McGarry's, Inc.,* 107 R.I. 325, 266 A.2d 908 (1970).

Both appeals were improperly taken in this case and jurisdiction never vested in this court. Nevertheless we would observe that if it becomes necessary to enter orders or to consider matters for protection of the parties while an appeal is pending, the appropriate procedure would be to request a remand of the papers in the case for the purpose of such hearings.

For the reasons stated, both appeals are denied and dismissed, and each case is remanded to the Family Court for further proceedings.

*Beals & DiFiore, Richard E. Simms, Paul A. Suttell,* for petitioner.

*Aram K. Berberian,* for respondent.