DECISION
This case is before the Court on claimant's motions to return res pending appeal and to adjudge the State of Rhode Island in contempt.
Facts/Travel
This matter arises out of a civil forfeiture proceeding brought by the State of Rhode Island pursuant to G.L. 1956 (1989 Reenactment) § 21-28-5.04.2. The District Court found that the State had not established sufficient evidence to demonstrate probable cause that the vehicle in question was purchased with drug-related funds as required by the forfeiture statute. SeeState v. One 1990 Chevrolet Corvette VIN #1G1YY3388L5111488,
C.A. 92-11819, November 2, 1993, Rahill, J. Accordingly, the Court held that the vehicle must be returned to the claimant. On June 13, 1994 this Court granted the claimant's motion to dismiss the notice of appeal filed by the State and ordered the subject property be returned to the claimant. On June 22, 1994 the State appealed that order to the Rhode Island Supreme Court. By motion dated March 7, 1995, the claimant moved this Court to adjudge the State in contempt for its failure to restore to the claimant the subject property. On March 10, 1995 the case was docketed with the Supreme Court. By order dated July 28, 1995 the Supreme Court remanded to this Court the claimant's motion to return res pending appeal.
Motion to Return Res Pending Appeal
Generally, the transmittal and docketing of a case in the Supreme Court divests the lower court of jurisdiction to act in the case even as to motions that would otherwise be appropriate for it to determine. Hattie Carnegie Industries, Inc. v.Lopreato, 114 R.I. 319, 333 A.2d 145 (1975); Devereaux v.McGarry's, Inc., 107 R.I. 325, 266 A.2d 903 (1970). However, "[i]f needed at any time, the papers can be returned temporarily to the Superior Court upon application made to [the Supreme Court]." Hurvitz v. Hurvitz, 44 R.I. 243, 246, 116 A. 661
(1922). This Court, therefore, has jurisdiction to entertain the claimant's motion to return res pending appeal.
Notwithstanding such grant of jurisdiction and this Court's previous decision, the Court finds that it would be inappropriate to order any further disposition of the property pending review by the Supreme Court. It would be particularly inappropriate considering the mobile nature of the property in question.
Accordingly, the Court denies claimant's motion to return res pending appeal.
Motion to Adjudge State in Contempt
"A finding of civil contempt must be based on a party's lack of substantial compliance with a court order, demonstrated by a failure of a party to `employ the utmost diligence in discharging [its] . . . responsibilities.' . . . Substantial compliance must `depend on the circumstances of each case, including the nature of the interest at stake and the degree to which noncompliance affects that interest.' . . ." (Emphasis Added.) (Citations omitted.) Durfee v. Ocean State Steel, Inc., No. 93-507-A., Slip Op. at 14 (R.I., filed Jan. 26, 1994).
Given the circumstances of this case, the Court denies the claimant's motion to adjudge the State in contempt.