## IDA HURVITZ *vs.* HARRY HURVITZ.

### APRIL 19, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)　Divorce.　Jurisdiction.　Allowance.*

The superior court is made the divorce court of the state with exclusive original
jurisdiction, of the matter of allowances for counsel fees, alimony and support
of children, and the supreme court acts in these matters simply as an appell-
ate court to review alleged errors of the superior court in specific rulings and
decisions.

*(2)　Divorce.　Jurisdiction.　Allowance and Counsel Fees.*

While a petition for divorce is in the supreme court on exceptions, motion
for additional counsel fees must be made in the superior court, which retains
its jurisdiction and if necessary the papers can be returned temporarily to
the lower court.

PETITION FOR DIVORCE.  Heard on motion of petitioner for additional counsel fees and denied without prejudice to renewal in Superior Court.

STEARNS, J.  The original proceeding is by a petition for divorce and included therein is a prayer that petitioner be awarded the custody of a minor child and an allowance for support of petitioner and said minor child out of the estate of her husband, Harry Hurvitz.  In the Superior Court, on motion of petitioner, the respondent was ordered to pay petitioner's attorney a certain amount for counsel and witness fees.  A decision for divorce was later given in favor of the petitioner, with the custody of the minor child and an allowance for support of petitioner and her child.  To this decision exceptions were taken and the cause is in this court on respondent's bill of exceptions.

The petitioner now moves in this court that she be awarded additional counsel fees.  This motion is made on the theory that as the cause is now in this court on appeal and as the papers in the case are also here, the Superior Court for the time being has lost all jurisdiction of the subject matter.  This assumption is incorrect.  By Section 6, Chapter 273, General Laws 1909, it is provided that the Superior Court shall have exclusive original jurisdiction, except as otherwise provided by law, of petitions for divorce, separate maintenance, alimony and custody of children.  The Superior Court is thus made the divorce court of the state with exclusive original jurisdiction.  The proceedings in divorce are purely statutory (*Sammis v. Medbury*, 14 R. I. 214 *Warren vs. Warren*, 36 R. I. 167) and by Section 1, Chapter 289, General Laws it is provided that the practice shall follow the course of equity so far as the same is practicable.  The establishment and development of rules of practice are thus left to the court with the power to adopt such procedure, either in law or equity, as is best fitted to accomplish the purpose of the statute.  Certain rules have now been established.  An appeal does not lie from a final

decree in a petition for divorce. *Fidler v. Fidler*, 28 R. I. 102. An appeal does lie from a decree on a petition for alimony, filed after the entry of a final decree in divorce. *Wilford v. Wilford*, 38 R. I. 55; *Phillips v. Phillips*, 39 R. I. 92. A petition for divorce is a "civil action" within the meaning of that phrase as used in General Laws, Chapter 298, Section 8, to this extent, that legal questions which arise during the trial of a cause are subject to review in this court upon bill of exceptions. *Thrift v. Thrift*, 30 R. I. 357. In the *Thrift* case it was also held that the entry of final decree in a divorce cause is equivalent to the entry of judgment therein and that exceptions consequently will not lie after the entry of final decree. *Baker v. Tyler*, 28 R. I. 152. Section 14, Chapter 247, provides that the Superior Court may regulate the custody and provide for the education, maintenance and support of children of all persons divorced by said court or petitioning for a divorce; may in its discretion make such allowance to the wife out of the estate of her husband for counsel fees, in case she has no property of her own available, as it may think reasonable and proper; and the court may make all necessary orders and decrees concerning the same and the same, at any time, may alter, amend and annul for sufficient cause after notice to the parties interested therein. By Chapter 1532, Public Laws 1917-1918, Section 5, Chapter 247 General Laws was amended and express power to amend, alter or annul at any time decrees for the payment of alimony was conferred upon the Superior Court. The Superior Court has exclusive original jurisdiction of the matter of allowances for counsel fees, alimony and support of children. As orders for such payments are based on the necessity of the wife or children and as such orders are expressly made subject to change at (2) any time by the Superior Court to meet the changing conditions of the parties or their children, it is manifest that the jurisdiction to make a necessary change must exist and continue in the Superior Court or the Supreme Court. The latter court acts in these matters simply

as an appellate court to review alleged errors of the Superior Court in specific rulings and decisions. The transfer of the papers to this court does not deprive the Superior Court of its jurisdiction. If needed at any time the papers can be returned temporarily to the Superior Court upon application made to this court. All such matters in divorce as require adjudication pending the decision of the appellate proceedings, continue within the jurisdiction of the Superior Court and are to be heard and decided by that court.

The motion for additional counsel fees should be made in the Superior Court. The motion in this court is denied without prejudice to the right of petitioner to bring a similar motion in the Superior Court.