■ In the Matter of the Application of LEO B. MITTELMAN for Leave to Resign as an Attorney and Counselor at Law.— Motion granted. Name struck from roll of attorneys and counselors at law. Concur — Botein, P. J., Breitel, McNally, Stevens and Steuer, JJ.

## (November 7, 1966)

■ METROPOLITAN OPERA ASSOCIATION, INC., Respondent, v. CITY OF NEW YORK et al., Defendants, and OLD MET OPERA HOUSE CORPORATION, Appellant. In the Matter of KEYSTONE ASSOCIATES, Respondent, v. CHARLES G. MOERDLER, as Commissioner of Buildings of the City of New York, et al., Respondents, and OLD MET OPERA HOUSE CORPORATION, Appellant.— Order, entered on September 22, 1966, and order and judgment (one paper), entered on September 22, 1966, unanimously affirmed, with $50 costs and disbursements to the respondents, Metropolitan Opera Association, Inc., and Keystone Associates. A five-day stay is granted in which to apply for leave to appeal to the Court of Appeals. No opinion. Concur — Rabin, J. P., McNally, Stevens, Steuer and Capozzoli, JJ.

## (November 10, 1966)

■ In the Matter of the Arbitration between ARTISTS' REPRESENTATIVES ASSOCIATION, INC., Respondent, and JACK HALEY, Individually and as President of American Guild of Variety Artists, et al., Appellants.— Order, entered on July 20, 1966, directing appellant to proceed to arbitration and granting to petitioner other related relief, unanimously reversed, on the law and on the facts, without costs or disbursements to any party, and the matter remanded to Special Term, with leave to petitioner to there resubmit its order. Pending said resubmission appellant is stayed from publicizing or enforcing, or attempting to publicize or enforce, the regulations purporting to govern artists' representatives in the United States and Canada as published in the Spring 1966 issue of the "AGVA News" or any other regulations which might be unilaterally established by the appellant purporting to govern such artists' representatives. The order appealed from is void as it was signed and entered after appellant had filed removal papers, thereby temporarily removing this case to the United States District Court for the Southern District. On the removal, the State Supreme Court lost jurisdiction of the case. (U. S. Code, tit. 28, § 1446, subd. [e]); *Fire Assn. of Philadelphia* v. *General Handkerchief Corp.*, 304 N. Y. 382, 385). Neither Special Term's lack of knowledge of the removal, nor the subsequent grant by the Federal court of petitioner's motion for remand, is sufficient to validate its order signed after the removal became effective. Concur — Breitel, J. P., Rabin, Stevens, Steuer and Capozzoli, JJ.

## (November 15, 1966)

■ In the Matter of HARLEM NEIGHBORHOOD LEGAL ASSISTANCE PROJECT, INC., Petitioner.— Application unanimously denied, without prejudice to the prompt submission in proper final form of a new limited application in conformance with the principles suggested in the opinion in *Matter of Community Action for Legal Services* (26 A D 2d 354). Concur — Botein, P. J., Breitel, Rabin, NcNally and Stevens, JJ.