### 20303

Maebell Jeffers **DAVIS**, Respondent, v. James Thomas **DAVIS**, Appellant.

(229 S. E. (2d) 847)

*Jack F. McGuinn, Esq.,* of Columbia, *for Appellant,*

*Kale R. Alexander, Esq.,* of Columbia, *for Respondent,*

November 9, 1976.

NESS, Justice:

This is an appeal in a domestic relations case contesting the jurisdiction of the Richland County Court.

The respondent originally instituted her action for a divorce, a *vinculo matrimonii,* on January 27, 1976. A temporary injunction restraining the husband was issued contemporaneously with the commencement of the atcion. On February 5, 1976, the appellant filed a Removal Proceeding to federal court pursuant to Title 28, U. S. C. A., Sections 1443 and 1446. The respondent sought and was granted a voluntary nonsuit without prejudice from the Richland County Court on February 12, 1976. On the next day, February 13, 1976, respondent re-instituted her original action and similar additional temporary injunctive relief in the Richland County Court. Appellant specially appeared contesting the jurisdiction and subsequent adjudications by the State court and from an adverse ruling he has appealed.

Title 28, U. S. C. A., Section 1446(e) provides:

"Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with

the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

This Court abhors the appearance of dilatory tactics which could certainly be inferred from habitual removal schemes in ordinary dometsic cases. However, once removal proceedings to federal court are fulfilled and requisite notice accomplished, the State court loses all jurisdiction in the matter. *Barrett v. Southern Ry. Co.*, 68 F. R. D. 413 (D. C. S. C. 1975); *State of South Carolina v. Moore*, 447 F. (2d) 1067 (4th Cir. 1971); Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction, § 3737. The voluntary nonsuit and subsequent proceedings in the Richland County Court were improvidently granted and are ineffective. *Patterson v. Patterson*, 381 F. Supp. 1029 (D. Colo. 1974). Hence, the initial action of January 27, 1976, which was removed was not extinguished by the attempted nonsuit, and all orders issued by the County Court subsequent to February 5, 1976, are void.

In view of the foregoing conclusion, the additional exceptions advanced by the appellant are not properly judicable by this Court.

On September 30, 1976, the federal district court remanded the removed action back to the Richland County Court which now has jurisdiction to continue proceedings in the initial action instituted on January 27, 1976.

Accordingly, this action is reversed and remanded to the Richland County Court for such actions as the parties may desire which are consistent with this opinion.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.