380 A.2d 964.

VIOLET M. CAVANAGH *vs.* ROBERT D. CAVANAGH.

DECEMBER 2, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This action is before us on appeals taken by the respondent from three separate decrees of the Family Court relating to a parcel of real estate owned by the parties. After declaring their marriage void, the Family Court attempted to partition the subject property, which is presently being managed by receivers appointed by the Family Court. Because of the similarity of the issues underlying the three appeals, we ordered them to be consolidated. *Cavanagh* v. *Cavanagh*, 119 R.I. ___, 376 A.2d 1068 (1977).

The events which led to the present state of affairs are set out in *Cavanagh* v. *Cavanagh*, 118 R.I. 608 375 A.2d 911 (1977), in which we affirmed an earlier decree in this matter, holding that the Family Court had jurisdiction to settle the dispute over title to the property and to order it partitioned. That earlier decree was entered on May 16, 1975, and our decision affirming it was filed on July 15, 1977. The appeals before us now concern actions taken by the Family Court during the interim period.

During that period the following events transpired. On the same day the Family Court decree of May 16, 1975, was entered, respondent filed his notice of appeal from that decree and also ordered transcripts of certain hearings. In June, however, he also filed a petition for removal in the Federal District Court, alleging that he was being denied his civil rights in Family Court because Rhode Island domestic law favored females. As required by the federal removal statute, 28 U.S.C.A. §1446 (1973), respondent filed a copy of the petition with the Family Court and he certified that he had also mailed copies to petitioner's attorneys.

The District Court eventually determined that it did not have jurisdiction over the case, but while the petition was pending, the Family Court continued to hear motions regarding the disposition of the real estate. By an order entered on October 17, 1975, the court took the following actions: (1) it determined fees for petitioner's two former attorneys who had withdrawn, the fees to be paid out of the disputed property; (2) it allowed petitioner's new attorney to enter his appearance; and (3) it appointed her new attorney as a coreceiver of the property.

The respondent filed a notice of appeal from that order on October 24, 1975, and that appeal is one of the three before us now.

On January 21, 1976, the Federal District Court, based on its decision that the case was improperly removed, entered an order remanding the case to the Family Court. Shortly thereafter one of the receivers/commissioners filed a motion there for consideration of an earlier motion to sell the real estate. The respondent at that time was still in the process of perfecting his appeal from the May 16, 1975 decree. On February 23, 1976, the papers, transcript, and exhibits of the case were transmitted to this court and the appeal was docketed. The Family Court nonetheless heard the motions to sell and entered a decree on March 19, 1976, directing the receivers/commissioners to sell the property to

the highest bidder of $200,000 or more. The respondent filed a notice of appeal from this decree on March 22, and that appeal is the second one before us now.

When the receivers found a willing buyer who could pay the required deposit, the court entered another decree on April 15, 1976, ordering the sale to that bidder. Shortly thereafter respondent filed a notice of appeal from this decree, and that appeal is the third one before us now.

On May 12, 1976, we ordered a stay of enforcement of all decrees relating to the sale of the real estate during the pendency of respondent's appeal. *Cavanagh* v. *Cavanagh*, 116 R.I. 930, 357 A.2d 451-52 (1976). As mentioned above we decided respondent's original appeal on July 15, 1977, and affirmed the decree of May 16, 1975, which settled title to the real estate. We then ordered the consolidation of the three appeals which had accumulated up to that time, and we continued the stay of the sale of the property until those appeals could be decided. *Cavanagh* v. *Cavanagh*, 119 R.I. 479, 376 A.2d 1068 (1977).

The consolidated appeals are now before us on respondent's contention that the decrees appealed from are void for lack of jurisdiction in the Family Court at the times they were entered.

I

The respondent argues first that the Family Court had no jurisdiction to act while his petition for removal was pending in the federal court, that is from June of 1975 when he filed his removal petition until January 21, 1976, when the court ordered the case remanded. He thus contends that the order of October 17, 1975, appointing an additional receiver and setting counsel fees to be charged to the real estate, is void.[1]

---

[1]Though interlocutory, this order is properly before us on appeal now because it ordered a receiver appointed. General Laws 1956 (1969 Reenactment) §§14-1-52 and 9-24-7. *See Johnson* v. *Johnson*, 111 R.I. 46, 49-50, 298 A.2d 795, 797 (1973).

There is no question that respondent complied with the statutory procedure for removing the case from Family Court to the Federal District Court.[2] The petitioner argues, however, that since the case was not removable, and the federal court so determined, the order entered by the Family Court during the period in question is valid. In effect she contends that actions taken by a state court while a petition for removal is pending are not void but only voidable, depending on the federal court's decision on the petition.

This statement of the law may have been true at one time, but the present law regarding removal is otherwise. Cases and commentary agree that under the 1948 revision of the Federal Judicial Code, once the removal procedure has been carried out, the action in the state court is automatically stayed and any proceedings there prior to a federal remand order are absolutely void, despite a subsequent determination that the removal petition was ineffective. *South Carolina* v. *Moore*, 447 F.2d 1067, 1072-73 (4th Cir. 1971); *Davis* v. *Davis*, 267 S.C. 508, 511, 229 S.E.2d 847, 848 (1976); 1A Moore, *Federal Practice* ¶0.168 at 504-14 (2d ed. 1974); 14 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* §3737 at 742-44 (1976); *contra*, *Styers* v. *Pico, Inc.*, 236 Ga. 258, 259, 22 S.E.2d 656, 657 (1976)(dictum).

That the present law on removal presents opportunities for abuse by a litigant seeking to delay a pending action is well recognized, *South Carolina* v. *Moore, supra* at 1074, 14 Wright, Miller & Cooper, *supra* at 744-45, but it is also recognized by those same authorities that the solution is a matter for federal legislation. On the present state of the

---

[2]After oral argument counsel for the petitioner submitted a copy of the federal court docket sheet which, he stated, shows that the papers for this case were never sent to the federal court. He thereby concludes that the papers were properly before the Family Court on October 17. Counsel has cited no authority, however, and we have found none, to indicate that under the federal removal statute the transmission of papers is relevant to the question of jurisdiction once the statutory procedure has been carried out.

law, therefore, we are bound to hold that the decree entered on October 17, 1975, is void.

## II

After the case was remanded by the federal court, the Family Court entered the second and third decrees which are now before us.[3] As mentioned above, these decrees ordered the sale of the property and were entered after respondent's earlier appeal was docketed here and the papers of the case were transmitted to this court.

The respondent contends that these decrees were void as the Family Court could not validly order the sale of property while he was appealing the very decision upon which the sale was predicated. The petitioner answers that although the case was on appeal, the lower court retained the power to act as it did because the orders for sale were the type of action which remains in the jurisdiction of a lower court even while a case is on appeal.

Initially we have difficulty accepting the characterization of these orders that petitioner urges on us. We believe first that it is stretching the facts to argue that the sale of the property was ordered to further the appeal and to aid its presentation. That concept usually involves orders like those granting additional counsel fees for the appeal. *See, e.g., Hurvitz* v. *Hurvitz,* 44 R.I. 243, 116 A. 661 (1922); *Ackel* v. *Ackel,* 57 Ariz. 14, 20-21, 110 P.2d 238, 241 (1941). There is no indication that the sale here was necessary to furthering the appeal and we think the record shows that, in fact, the sale was not ordered for that purpose.

We also believe that the orders to sell were hardly ancilary to respondent's pending appeal. That appeal was based in part on the argument that the Family Court was acting completely outside of its jurisdiction when it deter-

---

[3]Though these decrees were also interlocutory, they, too, are properly before us on appeal at this stage of the litigation because they ordered the sale of real property. General Laws 1956 (1969 Reenactment) §§14-1-52 and 9-24-7.

mined that the estate should be partitioned. As respondent points out, if his argument had been correct, any action by the Family Court regarding the estate would have been void. The selling of this property, then, was certainly not collateral to the issue of the court's power to do so.

Finally, on the facts of this case we do not consider an outright sale to be simply a matter of administering property in the court's custody during the pendency of the appeal. Unlike *Spring* v. *South Carolina Ins. Co.*, 19 U.S. (6 Wheat.) 519, 5 L. Ed. 320 (1821), cited by petitioner, the object of respondent's appeal was to secure the real estate he believed was rightfully his, and he was not merely attempting to recover the value of the estate or the proceeds of a sale. Furthermore, although the record indicates that the condition of the property has deteriorated while this case has proceeded, it is quite evident that the purpose of ordering the sale of the estate was not so much to preserve the property as it was to partition it. In effect, the court proceeded as if the questions on appeal had already been decided.

Even if we accept petitioner's theories on the nature of these sale orders, however, the fact remains that when they were entered the papers of the case had already been transmitted to this court and the appeal had been docketed. Under our case law the transmittal and docketing of the papers of a case divests the lower court of power to act in the case even as to motions pending before it at that time. *Devereaux* v. *McGarry's, Inc.*, 107 R.I. 325, 329, 266 A.2d 908, 910 (1970); *accord, Hattie Carnegie Indus., Inc.* v. *Lopreato*, 114 R.I. 319, 323, 333 A.2d 145, 148 (1975).

As the petitioner argues, some matters do remain within the original jurisdiction of the trial court even while a case is here on appeal, *Hurvitz* v. *Hurvitz, supra,* and Rule 7 of the rules of this court recognizes that the trial court can make orders for the protection of the rights of the parties while a case is on appeal. Again, however, once a case has been docketed here it is no longer before the trial court and that

court can take no action on it until the papers are remanded there. In *Hurvitz,* where we held that in a divorce action a petition for additional counsel fees should be addressed to the trial court even while the case is on appeal, we recognized this requirement of remand stating, "[i]f needed at any time the papers can be returned temporarily to the Superior Court upon applicaiton made to this court." *Id.* at 246, 116 A. at 662. The petitioner herself also recognized this requirement. In certain instances where she sought Family Court orders on other matters relating to this property, such as the payment of electric bills, she first applied here for an order remanding the papers before seeking relief at the trial level. When seeking the sale of the property, however, none of the moving parties requested such an order, but rather sought relief below as if no appeal had even been taken. Since the papers had been transmitted to this court and the appeal had been docketed, the Family Court was without authority to act on those motions and the decrees it entered for the sale of the property are void.

The respondent's appeals are sustained, the decrees appealed from are vacated, and the case is remanded to the Family Court for further proceedings.

*Robert H. Breslin, Jr.,* for petitioner.

*George Ajootian,* for respondent.