395 A.2d 722.

BARBARA COOK *vs.* RICHARD A. COOK.

DECEMBER 29, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

JOSLIN, J.   In this certiorari proceeding we review a Family Court decree of April 19, 1976, awarding the wife a temporary allowance for support and other relief pending a hearing on the merits of her petition for divorce. The husband challenges the propriety of that decree on several grounds, among them that the removal of the case to the United States District Court for the District of Rhode Island had deprived the Family Court of jurisdiction over the cause.

The apposite statutory provision is 28 U.S.C. §1446(e) (1970). It provides that:

"Promptly after the filing of such petition [for the

removal of a civil action] and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

The statute makes clear that compliance therewith by one seeking to remove an action from a state court vests the federal court, pending remand, with exclusive jurisdiction in the matter. *Georgia* v. *Rachel*, 384 U.S. 780, 797 n.27, 86 S. Ct. 1783, 1793 n.27, 16 L. Ed. 2d 925, 937 n.27 (1966); *Berberian* v. *Gibney*, 514 F.2d 790, 792 (1st Cir. 1975). This principle applies even if the removed case is the kind of action that, like a divorce proceeding, is not removable. *Peltier* v. *Peltier*, 548 F.2d 1083, 1084 (1st Cir. 1977); *Cavanagh* v. *Cavanagh*, 119 R.I. 479, 483, 380 A.2d 964, 967 (1977).

The record in this case reflects compliance with the requirements of §1446(e), and the wife's counsel conceded at the hearing in the Family Court that the removal petition had been filed in the federal court.[1] The trial justice held, however, that the Family Court's jurisdiction terminated only upon "official notification" from the federal court that a removal petition had been filed. Because that kind of notification had not been received in this case, he concluded that he had not lost jurisdiction and that he could act on the wife's motion for temporary support and other relief.

Section 1446(e), however, does not require the filing of a certified or otherwise authenticated copy of a removal petition in the state court. Had Congress so intended, it would not have been at a loss for language to accomplish that result.

---

[1] At the hearing, the wife's counsel said:

"Now, I can't argue the point that he did file the petition with the Federal District Court. I can't deny the fact that an order has not been entered in [this] case remanding that petition back to this Court * * *."

Before this court, the wife chose neither to file a brief nor to be represented at oral argument.

Thus, for example, it specifically provided in §1447(c)[2] that, when the removal has been improvident "a certified copy of the order of remand shall be mailed by [the federal district court's] clerk to the clerk of the State court." The inclusion of a certification requirement in one section and its omission in the other aids in convincing us that Congress did not intend that §1446(e) be read as requiring that a state court be officially notified of the filing of a removal petiton.

Accordingly, the trial justice erred in ruling that the copy of the removal petition on file with the clerk of the Family Court, because it was neither properly certified nor supported by the testimony of an official of the federal court, did not satisfy the requirement of §1446(e). *See Adair Pipeline Co.* v. *Pipeliners Local Union*, 203 F. Supp. 434 (S.D. Tex. 1962), 325 F.2d 206 (5th Cir. 1963).

Having decided that the Family Court lacked jurisdiction, we need not reach the husband's other assignments of error. The petition for certiorari is granted, the decree entered in the Family Court is quashed, and the records certified are ordered returned to the Family Court with our decision endorsed thereon.

*Aram K. Berberian*, for defendant-petitioner.

---

[2]28 U.S.C. §1447(c) provides:

"If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. *A certified copy of the order of remand* shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case." (Emphasis added.)