**Raymond FEE and Mabel Fee, Plaintiffs and Appellants,**

v.

**RICHMOND MANUFACTURING COMPANY, a foreign corporation, Defendant,**

**and**

**Pat McGrath, Inc., a North Dakota corporation, Defendant and Appellee.**

**Civ. No. 10565.**

Supreme Court of North Dakota.

March 29, 1984.

Howard Swanson of Letnes, Marshall, Fiedler & Clapp, Grand Forks, for plaintiffs and appellants.

Ralph F. Carter of Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Grand Forks, for defendant and appellee.

VANDE WALLE, Justice.

The plaintiffs, Raymond and Mabel Fee, filed an appeal to this court from a summary judgment of the district court of Grand Forks County dismissing Pat McGrath, Inc. (McGrath), as a party defendant in the lawsuit. Thereafter, the defendant, Richmond Manufacturing Company (Richmond), filed a motion to dismiss the appeal. We dismiss the appeal without prejudice.

During October 1981, the Fees filed an action in State district court against Richmond and McGrath seeking damages for injuries received by Raymond Fee while using a horizontal boring machine, manufactured by Richmond, which he had purchased from McGrath.

The district court entered a summary judgment dated September 7, 1983, dismissing McGrath as a party defendant in the lawsuit. On November 3, 1983, the Fees filed their notice of appeal to this court from the summary judgment dismissing McGrath as a party defendant.[1]

 The court's order did not contain a Rule 54(b), N.D.R.Civ.P., determination that no reason for delay existed for entry of judgment.[2] In the absence of a Rule 54(b) determination, a decision of the district court, however designated, which fails to adjudicate all claims of all the parties cannot be entered as a final appealable judgment. *Striegel v. Dakota Hills, Inc.*, 343 N.W.2d 785 (N.D.1984). A summary judgment which dismisses one of the defendants but which leaves the plaintiff's claim against the second defendant pending is not appealable unless a Rule 54(b) determination has been entered. *Hennebry v. Hoy*, 343 N.W.2d 87 (N.D.1983).

In accordance with this opinion, we dismiss the appeal without prejudice.

ERICKSTAD, C.J., and SAND, GIERKE and PEDERSON, JJ., concur.

---

1. On that same date, November 3, 1983, Richmond filed with the clerk of the State district court a petition for removal of the case to the Federal district court. Upon filing its petition of removal in accordance with the requirements of 28 U.S.C. § 1446 (1973), Richmond effected a removal of this case to the Federal district court, thereby depriving the State court of jurisdiction to act in the case "unless and until" the case was remanded to the State court by the Federal district court. *State of South Carolina v. Moore*, 447 F.2d 1067 (4th Cir.1971); *People v. Wynn*, 73 Mich.App. 713, 253 N.W.2d 123 (1977); *Davis v. Davis*, 267 S.C. 508, 229 S.E.2d 847 (1976); *Artists' Representatives Association, Inc. v. Haley*, 26 A.D.2d 918, 274 N.Y.S.2d 442 (1966); 1A *Moore's Federal Practice* § 0.168 [3.–8–4], pp. 626–627 (2d ed. 1983); 14 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3737 (1976).

   In an order dated March 16, 1984 the Federal district court remanded the case to the State district court thereby reinstating jurisdiction of this case in the State courts.

2. On October 3, 1983, the Fees moved the trial court to modify the summary judgment to include language certifying the order as appealable under Rule 54(b), N.D.R.Civ.P. We assume the trial court took no action on the motion because Richmond's petition for removal to the Federal district court was filed shortly thereafter. Therefore, it appears that the motion to modify the summary judgment to include a Rule 54(b) statement is still pending in the trial court. Because the trial court loses jurisdiction when an appeal is filed with this court, the order of the Federal district court remanding the case to the trial court does not authorize the trial court to proceed to determine the Fees' Rule 54(b) motion until this court relinquishes its jurisdiction. We do so now.