Alice **CENTAZZO**

v.

Frank **CENTAZZO.**

No. 86–523–Appeal.

Supreme Court of Rhode Island.

April 7, 1989.

Mary McMahon, Pawtucket, Morphis A. Jamiel, Warren, for plaintiff.

Louis DeSimone, Jr., Brosco & Brosco, Warwick, for defendant.

## OPINION

MURRAY, Justice.

This case is an appeal from a Family Court judgment. The procedural history is unusual. The plaintiff, Alice Centazzo, filed a petition for divorce. The defendant, Frank Centazzo, filed a cross-petition. The Family Court granted both parties' petitions on October 4, 1983, in an interlocutory judgment which incorporated a property distribution. The defendant appealed the assignment of the marital residence to the plaintiff before this court. We affirmed the Family Court's distribution of assets in an opinion issued May 28, 1986, *Centazzo v. Centazzo*, 509 A.2d 995 (R.I. 1986). Again before the Family Court, the plaintiff made three motions on June 12, 1986. The first was a motion for entry of final judgment of divorce. The second was a motion for counsel fees. The third was a motion to compel payment of sums previously ordered. These motions were scheduled for hearing on July 18, 1986. However, Alice Centazzo died on June 25, 1986, before the Family Court took any action on her motions. The defendant filed an objection to the three motions, and moved for an abatement of the divorce proceeding and a dismissal of the action based on the plaintiff's death. In response, counsel for the plaintiff filed a motion to substitute both the plaintiff's executor and the plaintiff's attorney for the plaintiff. On September 15, 1986, a trial justice of the Family Court granted the motion for abatement of the divorce action and the motion to substitute. However, the Family Court justice denied the motion to dismiss. He stated that he was giving full effect to the property distribution as incorporated into the interlocutory judgment. The defendant brought a second appeal based on the denial of the motion to dismiss. This second appeal is the case presently before us. On January 23, 1987, during the pendency of this appeal, the plaintiff made a motion for and was awarded attorney's fees by the Family Court. When reviewing the material for the current appeal, we determined that the case was not ripe for consideration. Accordingly on May 12, 1988, we remanded the case to the Family Court for the entry of final orders. Final orders were entered on July 15, 1988.

Four questions are presented. The first question is whether a divorce action abates on the death of one of the spouses. The second is whether past support or alimony accrued prior to the death of the obligee must be paid after the death of the obligee. The third question is whether the order that defendant pay plaintiff's attorney's fees remains valid after plaintiff's death. The fourth is whether the Family Court has jurisdiction over property matters in a divorce action when an interlocutory judgment with a property distribution has been issued, the nisi period has elapsed, the plaintiff has moved for entry of the final judgment, and then the plaintiff dies before

the court takes any action. We answer the first three of these questions in the affirmative, and the fourth question in the negative.

## I

■ The first question is whether a divorce action abates on the death of one of the spouses. Divorce is a personal cause of action. *Keidel v. Keidel,* 119 R.I. 726, 729, 383 A.2d 264, 266 (1978). In accordance with the maxim "actio personalis moritur cum persona," the cause of action of divorce terminates on the death of one of the parties. *Id.; see also Kirschner v. Dietrich,* 110 Cal. 502, 504, 42 P. 1064, 1065 (1895); *Stritch v. Stritch,* 106 N.H. 409, 411, 213 A.2d 426, 427 (1965). Thus if an action for divorce is commenced and one of the spouses dies before entry of the final judgment, the divorce action abates.

In the case at bar, the divorce action abated on June 25, 1986, the date of Alice Centazzo's death. We affirm the trial justice's decision on this issue.

## II

■ The second issue is whether past support or alimony accrued prior to the death of the obligee must be paid after the death of the obligee. A Family Court has jurisdiction to order support or alimony payments as it acquires jurisdiction over these matters incident to petitions for divorce. *Paolino v. Paolino,* 420 A.2d 830, 834 (R.I.1980); G.L.1956 (1985 Reenactment) § 8–10–3; G.L.1956 (1988 Reenactment) § 15–5–16. In general, unless otherwise agreed, the obligation to pay alimony is terminated on the death of either party. Uniform Marriage and Divorce Act (9A U.L.A.) § 316(b) (West 1987); 2 Clark, *The Law of Domestic Relations,* § 17.5 at 264 (West 1987). However, the death of the obligee does not relieve the obligor of his or her obligation for alimony that accrued before death. *Accord Calcagno v. Calcagno,* 120 R.I. 723, 728–30, 391 A.2d 79, 82–84 (1978); *Grattage v. Superior Court,* 42 R.I. 546, 551, 109 A. 86, 88 (1920).

In regard to the case at bar, defendant is ordered to pay any arrearage of support or alimony payments. We affirm the Family Court's judgment in regard to this matter.

## III

■ The third question is whether the order that defendant pay plaintiff's attorney's fees remains valid after plaintiff's death. The Family Courts have jurisdiction to award attorney's fees with respect to petitions for divorce. Sections 8–10–3 and 15–5–16. A trial justice is vested with discretion in determining the need for and amount of counsel fees. Unless such discretion is abused, the trial justice's decision will not be disturbed. *Smith v. Smith,* 88 R.I. 17, 21–22, 143 A.2d 309, 312 (1958). The purpose of the award of counsel fees is to allow a spouse to defend in a divorce action. *Luttge v. Luttge,* 98 R.I. 211, 213, 200 A.2d 599, 600 (1964). In accord with the rationale that counsel fees are awarded to allow a party a defense, Family Courts have the power to award counsel fees during the pendency of an appeal or after the death of a party. *See Hurvitz v. Hurvitz,* 44 R.I. 243, 245–46, 116 A. 661, 662 (1922); *Ackel v. Ackel,* 57 Ariz. 14, 20–21, 110 P.2d 238, 241 (1941); *Williams v. Williams,* 59 N.J. 229, 233–34, 281 A.2d 273, 275 (1971).

In the orders of July 15, 1988, defendant was reordered to pay plaintiff's attorney's fees of $2,500 (with interest) regarding the divorce proceedings and $2,790 (with interest) regarding the first appeal. We note that the initial Family Court order regarding payment of counsel fees for the first appeal was entered on January 23, 1987, after Alice Centazzo's death. We affirm the Family Court judgment upon this point.

## IV

■ We now turn to the issue of whether the Family Court has jurisdiction over property matters in a divorce action when an interlocutory judgment with a property distribution has been issued, the nisi period has elapsed, a plaintiff has moved for entry of the final judgment, and then that plaintiff dies before the Family Court takes any action. Rhode Island case

law on this topic is found primarily in *Keidel v. Keidel,* 119 R.I. 726, 383 A.2d 264 (1978). The Family Court initially issues an interlocutory or temporary divorce judgment. Section 15–5–23. A nisi or waiting period of three months must then elapse, at which point a prevailing party in the divorce action may move for entry of a final judgment. *Id.; see also Keidel,* 119 R.I. at 728 n.1, 383 A.2d at 265 n.1. The purpose of the waiting period is to give the spouses an opportunity for reconciliation. *Id.* at 728–29, 383 A.2d at 265.

In *Keidel,* an interlocutory divorce judgment was issued, but one of the spouses deceased before a final judgment could be entered. 119 R.I. at 728, 383 A.2d at 265. In that case, we noted that an interlocutory judgment granting property rights could not be enforced because the judgment's temporary nature was statutorily prescribed. *Id.* at 729, 383 A.2d at 266–67; *see also Luttge v. Luttge,* 97 R.I. 309, 197 A.2d 500 (1964). On this topic we noted that:

> "the interlocutory decree ought not to finally * * * determine the property rights of the parties. If the matrimonial bond remains preserved * * * then so should the property rights which each may have * * *." *Keidel,* 119 R.I. at 732, 383 A.2d at 267.

Thus in *Keidel* we emphasized the provisional nature of the interlocutory judgment and any property settlement incorporated into it.

In the case at bar, the interlocutory judgment and the property settlement incorporated into it was provisional. The motion for entry of the final judgment was assigned to the court calendar, but it will never be known what the final disposition of that motion would have been as Alice Centazzo died before it could be heard. Under *Keidel,* with the abatement of the divorce petition, the action with respect to the division of property must also abate. 119 R.I. at 732–33, 383 A.2d at 267; *see also Panter v. Panter,* 499 A.2d 1233 (Me. 1985); *Daly v. Daly,* 533 P.2d 884 (Utah 1975). Therefore, we reverse that portion of the Family Court judgment giving effect to the property distribution.

It has been suggested that by holding that the Family Court had no jurisdiction over property matters upon the abatement of a divorce action, we would create an opportunity for parties to exploit the appellate process. It is contended that a plaintiff would be precluded from moving for entry of the final judgment during the pendency of an appeal due to a stay of the Family Court proceedings. This stay would allow the dissatisfied party to keep property distributed to the other party in the temporary judgment throughout the appeal. However, we find this contention without merit.

It is true that when an appeal is taken from a Family Court judgment, generally the Family Court proceedings are stayed pending the outcome of the appeal. *Cavanagh v. Cavanagh,* 119 R.I. 479, 485, 380 A.2d 964, 968 (1977); Rul. Proc. Dom. Rel. Rule 62(d). However, there are various exceptions to this general rule. One exception is that counsel fees may be awarded during the pendency of an appeal. An example of this exception is found in *Hurvitz v. Hurvitz,* 44 R.I. at 246, 116 A. at 662. In *Hurvitz* the petitioner made a motion to the Supreme Court to be awarded counsel fees. *Id.* at 244, 116 A. at 662. The motion was made on the theory that as the case was already before the Supreme Court, the trial court had lost all jurisdiction. *Id.* We held that that assumption was incorrect, and that the transfer of the papers in the case to the Supreme Court does not deprive the trial court of all jurisdiction. *Id.* at 246, 116 A. at 662. We noted that the papers of a case may be returned temporarily to the trial court if they are needed. *Id.*

Also preventing exploitation of the appellate process is Rule 7 of the Supreme Court Rules. Rule 7 expressly authorizes a Family Court justice to make such orders as are necessary for the protection of the rights of the parties pending the appeal. It is couched in general language and is sufficiently broad for a motion for entry of final judgment of divorce to have been heard and granted by the Family Court.

In regard to the case at bar, the plaintiff's counsel has made no statement regarding an attempt to make a motion for entry of a final judgment and the Family Court's refusal to hear it. The plaintiff could have told the court that she had amyotrophic lateral sclerosis, commonly known as Lou Gehrig's disease, an illness which ends fatally. We note that the plaintiff was aware of two prior instances of actions taken by the Family Court during the appeal process: the plaintiff made and was granted a motion for counsel fees, and we remanded the papers in this case to the Family Court for the entry of final orders. In accord with these two prior instances, the plaintiff could have made and had granted a motion for entry of the final judgment of divorce. However, as no final decree was entered, the interlocutory judgment of the Family Court abated with respect to the property distribution on Alice Centazzo's death.

The judgment of the Family Court is affirmed in part and reversed in part. The real estate at issue should pass to the defendant as surviving tenant by the entirety. The defendant's appeal is denied and dismissed in part and sustained in part. The papers are remanded to the Family Court.

FAY, C.J., did not participate.