In re Estate of Glenn E. Griggs.      :      No. 2012-19-Appeal.
(KP 11-39)

Patricia Griggs      :

v.      :      No. 2012-20-Appeal.
(KP 11-49)

David Heal, the Limited Guardian to the Late    :
Glenn E. Griggs.

In re Estate of Glenn E. Griggs.      :      No. 2012-21-Appeal.
(KP 11-52)

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

|  |  |  |
|---|---|---|
| In re Estate of Glenn E. Griggs. | : | No. 2012-19-Appeal.<br>(KP 11-39) |
|  |  |  |
| Patricia Griggs | : |  |
| v. | : | No. 2012-20-Appeal.<br>(KP 11-49) |
| David Heal, the Limited Guardian to the Late<br>Glenn E. Griggs. | : |  |
|  |  |  |
| In re Estate of Glenn E. Griggs. | : | No. 2012-21-Appeal.<br>(KP 11-52) |

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**  In these consolidated cases, Nancy Griggs, Patricia Griggs, and Lauren Griggs (collectively, appellants) appeal from Superior Court judgments dismissing their appeals from a Warwick Probate Court order.  The appellants argue that the trial justice erred when he dismissed their appeals for failure to provide a sufficient record as required by G.L. 1956 § 33-23-1.  These cases came before the Supreme Court pursuant to an order directing the parties to show cause why the issues raised in these appeals should not summarily be decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that these cases may be decided without further briefing or argument.  For the reasons set forth in this opinion, we affirm the judgments of the Superior Court.

- 1 -

# I

## Facts and Procedural History

These cases have followed a long and tortuous path, beginning in 2000 with an unsuccessful bid by Lauren Griggs, inter alios, for guardianship of her father, Glenn E. Griggs,[1] then winding through an (ultimately successful) emergency petition for guardianship, filed by Glenn Griggs's son, Dan Griggs. See In re Estate of Griggs, 2006 WL 3720309 at *1-2 (R.I. Super. Ct. Dec. 12, 2006). Along the way, in what appears to be an effort to exert control over Glenn Griggs, appellants removed him from his house and refused to disclose his location. On June 26, 2003, the Warwick Probate Court awarded temporary limited co-guardianship to Glenn Griggs's business partner, David Heal, and to Dan Griggs. The appellants, however, refused to disclose Glenn Griggs's whereabouts and moved, unsuccessfully, to vacate the decision of the probate court. It was not until July 3, 2003, after the Probate Court judge ordered appellants to retrieve Mr. Griggs and bring him before the court that appellants finally complied with the court's order.

In 2005, the Probate Court adjudged appellants to be in contempt of its June 26, 2003 order.[2] That same year, the Probate Court appointed David Heal (guardian or appellee) as permanent guardian for Mr. Griggs.[3] For the next five years, the litigation dragged on, surviving Mr. Griggs, who "died out of it"[4] in 2007. The appellants initiated successive (and unsuccessful) challenges and appeals in both the Probate Court and the Superior Court. Ultimately, on December 13, 2010, the Probate Court entered a decision and order assessing "compensatory

---

[1] For further details, see Griggs v. Estate of Griggs, 845 A.2d 1006, 1007 (R.I. 2004).
[2] The plaintiff Christine Peabody was also adjudged to be in contempt. She is not a party to these appeals.
[3] Mr. Heal is the appellee in these appeals.
[4] Charles Dickens, Bleak House 4 (Alfred A. Knopf, Inc. 1991) (1853).

contempt sanctions" against appellants totaling approximately $447,000 in the aggregate. Thereafter, each appellant filed a claim of appeal in the Warwick Probate Court.[5]

In January 2011, each of the appellants filed a certified copy of her claim and the reasons of appeal in the Superior Court, together with a certified copy of the December 13, 2010 decision and order. No other portion of the record was submitted, and appellants moved for an extension of time to file the record. The guardian objected to any extension and requested that the appeals be dismissed. A hearing was held in Superior Court on January 24, 2011, at which time the trial justice denied the motion to extend time and dismissed the appeals for failure to timely provide the Probate Court record. The appellants each filed a notice of appeal to this Court on February 21, 2011. On April 27, 2011, appellee moved in Superior Court for execution on the Probate Court order awarding sanctions. The appellants objected to the motion, and on May 9, 2011 the Superior Court granted the motion and issued the execution.

## II

### Standard of Review

This Court employs "a de novo standard '[w]hen reviewing an appeal based on an alleged error of law.'" Warwick Sewer Authority v. Carlone, 45 A.3d 493, 498 (R.I. 2012) (quoting N & M Properties, LLC v. Town of West Warwick, 964 A.2d 1141, 1144 (R.I. 2009)). "Our review is de novo because this Court is in the best position to decide the merits of a given question of law." Id. (quoting N & M Properties, LLC, 964 A.2d at 1144).

---

[5] Patricia's claim of appeal was filed on December 30, 2010, Lauren's was filed on January 3, 2011, and Nancy's was filed on January 4, 2011. The guardian argues that Nancy's claim was filed beyond the twenty day jurisdictional requirement of G.L. 1956 § 33-23-1(a)(1) and that, therefore, her appeal was never properly before the Superior Court. Nancy responds that, notwithstanding the fact that the Warwick Probate Court was open for business on January 3, that date was a statutorily recognized state government holiday. In light of our opinion affirming the dismissal of all three appeals, we need not resolve this particular issue.

**Discussion**

On appeal, appellants argue that the trial justice erred in finding that they had not complied with the requirements of § 33-23-1 (setting forth timing requirements for probate appeals) and that, under § 33-23-1(c), he should have granted the extension in order to reach the merits of their cases. Further, appellants contend that the contempt finding and sanctions must be vacated because the Probate Court lacked subject-matter jurisdiction and because the order that they purportedly violated lacked specificity. The appellee counters that the trial justice was correct in dismissing the appeal because this Court's precedent requires that a sufficient record be submitted before the Superior Court may allow additions to the record. The appellee further asserts that the Probate Court had inherent authority to impose sanctions and that the death of Glenn Griggs did not deprive the court of this authority. In addition, appellee moved to dismiss the instant appeals, arguing that appellants had failed to perfect their appeals because they did not submit an official transcript of the January 24, 2011 Superior Court hearing to this Court.

**A**

**The Motion to Dismiss the Supreme Court Appeal**

We first address the threshold issue of appellee's motion to dismiss these appeals for failure to provide a transcript. Article I, Rule 10(b)(1) of the Supreme Court Rules of Appellate Procedure requires that "[w]ithin twenty (20) days after filing the notice of appeal the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as the appellant deems necessary for inclusion in the record." Here, appellants indicated in their notices of appeal that they would order a transcript, but they never did so.

This Court has previously stated:

> "The deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business. Unless the appeal is limited to a challenge to rulings of law that appear sufficiently on the record and the party accepts the finding of the trial justice as correct, the appeal must fail." Adams v. Christie's, Inc., 880 A.2d 774, 778 (R.I. 2005) (quoting 731 Airport Associates, LP v. H & M Realty Associates, LLC, 799 A.2d 279, 282 (R.I. 2002)).

Moreover, Article I, Rule 11(a) of the Supreme Court Rules of Appellate Procedure requires an appellant to "take any other action necessary to enable the clerk to assemble and transmit the record." Rule 11(b) devolves to the clerk of the trial court the obligation to transmit the record "[w]hen the record is complete for purposes of the appeal." Thus, it is the responsibility of an appellant who fails to order a transcript after indicating that he or she would do so, to inform the Court that he or she will not order a transcript, so that the clerk may "assemble and transmit the record." See Sentas v. Sentas, 911 A.2d 266, 270 (R.I. 2006) (quoting Rule 11(a)); Procopio v. PRM Concrete Corp., 711 A.2d 650, 651 (R.I. 1998) (mem.).

While it is regrettable that appellants did not inform the court that they had decided not to order a transcript, that failure does not prevent us from reaching the merits in this particular case. We are satisfied that these appeals concern a question of law that appears sufficiently on the Superior Court record. We therefore deny appellee's motion to dismiss this appeal.

**B**

**The Dismissal of the Superior Court Appeal**

Section 33-23-1(a)(2) requires that, within thirty days of the entry of the order appealed from "the appellant shall file in the superior court a certified copy of the claim and record and the reasons of appeal specifically stated * * *." Here, no portion of the record other than the December 13, 2010 decision and order was provided to the Superior Court. Instead, appellants,

citing § 33-23-1(c), filed a motion to extend time to file the probate record. Section 33-23-1(c) states:

> "If the appellant ordered the transcript or tape recording as the case may be from the probate clerk within the twenty (20) day deadline of subsection (a)(1) and the transcript is unavailable for filing within the thirty (30) day deadline of subsection (a)(2), the superior court on appellant's motion shall grant an extension of such additional time reasonably necessary to complete the record."

The trial justice found that § 33-23-1(c), by its plain language, applies to transcripts of proceedings. In argument before the trial justice, appellants sought to extend the term "transcript" to apply to the entire record of the case. However, the definition of "transcript" simply does not stretch so far.

In Griggs v. Estate of Griggs, 845 A.2d 1006, 1010 (R.I. 2004) (Griggs I), we stated: "A Superior Court justice's authority to permit additions or corrections to the record is contingent on the appealing party's filing a substantial record at the outset. The transmitted record is sufficient if it will allow the Superior Court to pass on each issue raised in the appeal." Here, appellants did not merely fail to produce a transcript of the Probate Court proceedings; they failed to produce anything beyond that court's decision and their own reasons for appeal. The appellants claimed that, because appellee would not stipulate to a record, they would have had to submit the entire record of these cases, amounting to thousands of pages and boxes of documents—far more than the Warwick Probate Court clerk's office could hope to produce before the deadline. The trial justice noted that "[t]he deadline[s] of subsections (a)(1) and (a)(2) * * * are jurisdictional and may not be extended by either the probate court or the superior court, except for purposes of extending the time to file the transcript under subsection (c)."

While parties are always presumed to be on notice of the law, rarely do we see a case where clear precedent can be found within the parties' own case history. In Griggs I, 845 A.2d

at 1010, we held that "[a]lthough it is within a [s]uperior [c]ourt justice's discretion to enlarge the record, we conclude that * * * the * * * justice erred in allowing the additions by failing to determine, as a preliminary matter, whether petitioners had filed enough of the record from the Probate Court to perfect the appeal."

Each appellant filed her claim and reasons for the appeal in the Superior Court, yet failed to file any part of the record and instead moved for an extension of time to file the record. In Griggs I, 845 A.2d at 1010, we foresaw just such a situation and addressed it, saying "[s]ection 33-23-1(b) should not be interpreted as a loophole allowing inattentive parties to perfect the appeal by initially supplying the court with a smattering of documents, then supplementing the record later in the proceedings." We went on to state that "[o]nly after a substantial portion of the relevant documents have been filed will the appeal be perfected, and a motion justice then can consider whether any additions or corrections are needed." Griggs I, 845 A.2d at 1010. Here, appellants failed to file a substantial portion of the record. The trial justice then correctly held that § 33-23-1(c) applied only to transcripts and that he did not have the authority to extend the deadline to file the record.

We discern no error in the trial justice's dismissal of the appellants' appeals. Although we harbor considerable concerns about the authority of the Probate Court to continue to preside over a guardianship proceeding for a long-dead ward, as well as the magnitude of the sanctions imposed without the benefit of a jury trial, we are unable to conduct any meaningful review due to the lack of a record before us.[6] Nor can we address whether the Superior Court properly issued the execution while this matter was on appeal, as that issue is not properly before us.

---

[6] We note, however, that the Probate Court judge said in his decision assessing the amount of sanctions that appellants were given the opportunity to review and challenge the evidence

- 7 -



**IV**

**Conclusion**

For the reasons stated herein, we affirm the judgments of the Superior Court. The record of this case shall be returned to the Superior Court.

---

provided by the guardian relevant to attorneys' fees and costs, but that they failed to object to that evidence and waived their right to examine counsel for the guardian under oath.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**    In re Estate of Glenn E. Griggs.

Patricia Griggs v. David Heal, the Limited Guardian to the Late Glenn E. Griggs.

In re Estate of Glenn E. Griggs.

**CASE NO:**    No. 2012-19-Appeal.
(KC 11-39)

No. 2012-20-Appeal.
(KP 11-49)

No. 2012-21-Appeal.
(KP 11-52)

**COURT:**    Supreme Court

**DATE OPINION FILED:**    April 12, 2013

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**    Kent County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Daniel A. Procaccini

**ATTORNEYS ON APPEAL:**

For Appellants:  Thomas M. Dickinson, Esq.

For Appellee David Heal:  Lauren E. Jones, Esq.