**Supreme Court**

No. 2013-340-Appeal.
(PC 09-6095)

David Loppi                    :

v.                             :

United Investors Life Insurance Co. et al.    :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

David Loppi                              :

v.                              :

United Investors Life Insurance Co. et al.    :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  The defendant, Marilyn Loppi,[1] appeals from a

declaratory judgment entered in Providence County Superior Court on April 25, 2012, declaring

that she had no right to the proceeds of a life insurance policy of her late husband, Robert Loppi.

This case came before the Supreme Court pursuant to an order directing the parties to appear and

show cause why the issues raised in this appeal should not be summarily decided.  After a close

review of the record and careful consideration of the parties' arguments (both written and oral),

we are satisfied that cause has not been shown and that this appeal may be decided at this time.

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

---

[1]    The other named defendant, United Investors Life Insurance Co. (United Investors), filed a "Motion for Leave to File a Counterclaim and Cross-Claim for Interpleader, to Deposit Funds into the Court Registry and to be Discharged."  The Superior Court issued an order on March 6, 2012, granting the motion filed by United Investors.  Thus, after depositing the disputed funds in the registry of the Superior Court, United Investors ceased to be a party to this action and, accordingly, is not a party to this appeal.

# I

## Facts and Travel

In 2003, Robert Loppi purchased a life insurance policy from United Investors Life Insurance Co. (United Investors), in which, the parties agree, he initially named his wife, Marilyn Loppi, as the beneficiary. In 2008, Marilyn[2] filed for divorce from Robert. On July 19, 2008, Robert was served with the summons and complaint in that divorce action. However, on July 17, 2008, <u>before</u> the service of the divorce summons and complaint, Robert had applied (through a signed written request) to United Investors to change the beneficiary on his life insurance policy; the new beneficiary was Robert's uncle, David Loppi, who is the plaintiff in this action.[3]

On March 27, 2009, in the course of the divorce proceeding, an interlocutory order was entered in Family Court ordering that life insurance policies, annuities, and investment policies be "cashed in forthwith" and that the cash surrender value be divided equally between Robert and Marilyn. That interlocutory order instructed Robert and Marilyn to "execute any and all documents as needed to cash in said accounts, inclusive of any and all authorizations necessary for the attorneys to obtain information or for the policies to be liquidated and/or powers of attorney so that counsel for the parties may do so for the parties." However, on May 28, 2009, before he had complied with that part of the just-referenced interlocutory Family Court order relating to the cash value of the life insurance policy at issue and before a final judgment was entered in the divorce action, Robert passed away.

---

[2]    Due to the fact that the persons involved in this case share the same last name, we shall refer to them by their first names. In doing so, we intend no disrespect.

[3]    It is important to note that the United Investors insurance policy states that changes in beneficiaries "take effect on the date the request was signed[.]"

According to the complaint filed by David in Superior Court, after Robert's death United Investors declined to pay the life insurance death benefit, the face amount of which was $375,000, to either David or Marilyn, even though United Investors acknowledged that David was the named beneficiary. In consequence, on October 21, 2009, David filed the instant action in Superior Court, seeking a declaratory judgment that he alone was entitled to the life insurance policy death benefit. On December 1, 2011, Marilyn filed a document which indicated that it constituted both an objection to David's complaint seeking a declaratory judgment and a cross-motion for declaratory judgment. On March 8, 2012, David filed a "Motion to Close Record and Submit for Decision."

On April 17, 2012, the hearing justice issued a bench decision. Subsequently, on April 25, 2012, final judgment was entered, granting David's "Petition for Declaratory Judgment" and denying Marilyn's "Cross-Motion for Declaratory Judgment." The final judgment specifically stated that David was "entitled to 100% of the policy proceeds" and that Marilyn was "entitled to no portion of the proceeds of the life insurance policy." Marilyn filed a timely notice of appeal on May 11, 2012.

## II

### Standard of Review

On appeal, Marilyn has opted not to submit a transcript of the April 17, 2012 bench decision rendered by the hearing justice in this case. We have previously remarked as follows about a party's failure to provide this Court with a transcript of what transpired below:

> "The deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business. Unless the appeal is limited to a challenge to rulings of law that appear sufficiently on the record and the party accepts the finding of the trial justice as correct, the appeal must fail." Adams v. Christie's, Inc., 880 A.2d 774, 778 (R.I.

- 3 -

2005) (quoting <u>731 Airport Associates, LP v. H & M Realty</u> <u>Associates, LLC</u>, 799 A.2d 279, 282 (R.I. 2002)).

While we remain convinced that our "risky business" admonition is well-founded, we are satisfied that this particular appeal is the exception to the rule; this case presents us with a pure question of law which we are able to address sufficiently on the basis of the Superior Court record before us. See, e.g., <u>In re Estate of Griggs</u>, 63 A.3d 867, 869-70 (R.I. 2013). Accordingly, we shall apply a <u>de novo</u> standard of review, as we customarily do "[w]hen reviewing an appeal based on an alleged error of law." <u>Warwick Sewer Authority v. Carlone</u>, 45 A.3d 493, 498 (R.I. 2012) (internal quotation marks omitted); see <u>Medeiros v. Bankers Trust Co.</u>, 38 A.3d 1112, 1117 (R.I. 2012); see also <u>Ashley v. Kehew</u>, 992 A.2d 983, 987 (R.I. 2010).

**III**

**Analysis**

The discrete issue which this Court is tasked with determining on appeal is whether Marilyn should be entitled to any portion of the life insurance proceeds at issue.

Marilyn contends that she has an ownership and equitable interest in the life insurance policy, "notwithstanding Robert's unilateral change of beneficiary." She posits that the life insurance policy was marital property and that its proceeds should therefore be subject to equitable division. Additionally, she avers that, had Robert survived, the change in beneficiary on the life insurance policy "would certainly have been ruled invalid by the Family Court." Moreover, according to Marilyn, the interlocutory Family Court order requiring a fifty-fifty division of the cash value of the life insurance policy is "akin" to an alimony or support order; and, on the basis of that predicate, she submits that equity mandates that she be awarded at least fifty percent of the death benefit. It is her contention that the Superior Court erred when it did

not give deference to the Family Court's order concerning the division of the life insurance policy.

In response, David argues that, at the time of the change in beneficiary, the Family Court did not have jurisdiction over Robert; David further argues that, at that time, Robert was not subject to any automatic court orders prohibiting any altering or alienation of marital assets, since he had not yet been served with the divorce summons and complaint. He further avers that the divorce action and any interlocutory orders issued by the Family Court during the pendency of the divorce action abated upon Robert's death. Accordingly, he contends that, as the named beneficiary, he is entitled to the entirety of the life insurance death benefit.

This case is by no means one of first impression. In Keidel v. Keidel, 119 R.I. 726, 729, 383 A.2d 264, 266 (1978), this Court held that "it is universally accepted that, divorce being a personal action, the death of one of the parties before the entry of the final decree thereon abates the action." In Keidel, we then proceeded to a discussion of interlocutory orders issued during a divorce proceeding. Id. at 730-32, 383 A.2d at 266-67. We began our analysis with the fact that it was (and still is) well settled that the Family Court is a "statutory court of special jurisdiction" and its authority to act must be derived from statute. Id. at 731, 383 A.2d at 266; see also Rogers v. Rogers, 98 R.I. 263, 268-69, 201 A.2d 140, 143-44 (1964). Moreover, the Family Court's jurisdiction over "real and personal property of the parties is 'ancillary' and an 'adjunct to its divorce jurisdiction.'" Keidel, 119 R.I. at 731, 383 A.2d at 267 (quoting Rogers, 98 R.I. at 268-69, 201 A.2d at 143-44). We also noted in our opinion in that case that there was "substantial authority to the effect that the death of one of the parties abates the entire divorce action, including all ancillary or interlocutory decrees, orders, etc." Id. at 730, 383 A.2d at 266. Ultimately, we looked approvingly upon that "substantial authority" and held that "[a]n

interlocutory decree to partition real estate, being ancillary to the court's divorce jurisdiction, must abate when the divorce action itself abates." Id. at 730, 732, 383 A.2d at 266, 267.

Several years later, in Centazzo v. Centazzo, 556 A.2d 560 (R.I. 1989), we clarified and reiterated our holdings in Keidel. We restated that "[i]n accordance with the maxim actio personalis moritur cum persona, the cause of action of divorce terminates on the death of one of the parties."[4] Id. at 562 (internal quotation marks omitted). Crucially, we then proceeded to address the question of whether the Family Court had jurisdiction over property matters in a divorce action when an interlocutory order involving property distribution had been issued but one of the spouses died before the final judgment of divorce was issued. Id. We cited Keidel for the principle that "an interlocutory judgment granting property rights [during a divorce proceeding] could not be enforced because the judgment's temporary nature was statutorily prescribed." Id. at 563. Accordingly, we held that the abatement of a divorce petition in Family Court results in the abatement of any "action with respect to the division of property" that is not encompassed in a final judgment of divorce. Id.

When we apply our clear precedent to the case before us, we come to the inescapable conclusion that the divorce action in the Family Court abated at the time of Robert's death and that any interlocutory orders with respect to the division of property also abated. The instant case raises the same question that we answered in Keidel and Centazzo; it has been our consistent holding that, when a divorce action abates due to the death of one of the spouses, so too do any interlocutory orders with respect to property division. See Centazzo, 556 A.2d at 563; Keidel, 119 R.I. at 732, 383 A.2d at 267. Consequently, the March 27, 2009 Family Court

---

[4]     The Latin maxim quoted by the Court in Centazzo v. Centazzo, 556 A.2d 560, 562 (R.I. 1989), may be translated as follows: "A personal action dies with the person."

order with respect to the division of the cash value of the life insurance policies held by Marilyn and Robert abated at the time of Robert's death, when the divorce action itself abated.

It is further our opinion that Robert was within his rights when he changed the beneficiary of his life insurance policy on July 17, 2008 because he had not yet been served with Marilyn's divorce complaint. General Laws 1956 § 15-5-14.1(f) prohibits changing the beneficiary of a life insurance policy during the pendency of a divorce action, but that section does not take effect until service of the divorce complaint on the defendant—who in this case was Robert. See § 15-5-14.1(a). In the instant case, service of the divorce complaint on Robert occurred two days after he changed the beneficiary of the life insurance policy at issue. Moreover, under the terms of the life insurance policy itself, the beneficiary is "as stated in the application, unless subsequently changed by the Owner." The policy requires joint action to change the beneficiary only when there is more than one owner. And the crucial fact is that Robert is the only listed owner of the policy. Accordingly, his change of beneficiary was within his rights as the sole policy owner. Therefore, David is the rightful beneficiary of the life insurance death benefit because Robert was completely within his rights to change the beneficiary on his life insurance policy at the time that he named David as beneficiary. And, in view of the ultimate abatement of the divorce action and of any interlocutory orders relative to the division of property, that change in beneficiary was not altered by anything which transpired in the Family Court prior to Robert's death.

Marilyn contends that the Family Court order which required the liquidation of any life insurance policies and the fifty-fifty split in the cash value of any such policies was "akin" to an alimony or support order; and, on that basis, she argues that the order did not abate on Robert's death. We need not address whether her contention has a valid legal basis since it does not have

- 7 -

a valid factual basis. After a thorough review of the May 27, 2009 Family Court order addressing Marilyn and Robert's life insurance policies, we are convinced that it is not, nor was it ever intended to be, an order of alimony or support. It is clear on its face that it is an order dealing with the division of property; the order addresses the sale of real estate and the cashing in of life insurance policies, annuities, and investment policies, but at no point does it reference support or alimony. Accordingly, it is our view that Marilyn has advanced no argument which convinces us that this case is not governed by our clear precedent. Therefore, we hold that the hearing justice did not err in granting David one hundred percent of the life insurance death benefit.

## IV

### Conclusion

For the reasons stated in this opinion, we affirm the judgment of the Superior Court. We remand the record to that tribunal.

# RHODE ISLAND SUPREME COURT CLERK'S OFFICE



## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**        David Loppi v. United Investors Life Insurance Co. et al.

**CASE NO:**              No. 2013-340-C.A.
                          (PC 09-6095)

**COURT:**                Supreme Court

**DATE OPINION FILED:**   November 16, 2015

**JUSTICES:**             Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**           Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

                          Associate Justice Sarah Taft-Carter

**ATTORNEYS ON APPEAL:**

                          For Plaintiff:  Timothy J. Dodd, Esq.

                          For Defendant:  Thomas M. Dickinson, Esq.